# CASES IN CHANCERY.

## FITCH *vs.* SMITH.

## TERRY *vs.* THE SAME.

The service of the subpœna in the cause subsequent to the filing of the com-
plainant's bill, or the issuing of the subpœna and a bona fide attempt to
serve the same, is the commencement of the suit against the defendant,
and not the filing of the bill merely.

Where a creditor's bill in one suit was filed two hours before the filing of the
bill in another suit, but a subpœna on the last bill was taken out and served
before any attempt had been made to serve a subpœna upon the bill first
filed, *Held*, that the suit upon the bill last filed was first commenced,
and that the complainant in that suit was entitled to a priority in payment
out of the property of the judgment debtor, who was the defendant in
both suits.

THIS was an appeal by Fitch, the complainant in the
first of the above causes, from a decision of the vice chan-
cellor of the eighth circuit. The complainants, respective-
ly, were judgment creditors of the defendant Smith, and
filed creditors' bills against him, to obtain satisfaction of
their debts. The solicitors of both complainants resided
at Buffalo, and sent their bills by the same mail to Roches-
ter to be filed, and to obtain injunctions thereon—the
first bill directed to a deputy in the office of the clerk in
chancery, and the last to the clerk himself. The dep-
uty, not noticing that an injunction was required in the
case directed to him, filed the bill immediately ; and in the
other case the bill was filed two hours afterwards, but not

1842.
Oct. 4.

until an injunction had been applied for thereon and grant-ed. The injunction was received by the solicitor for Ter-ry, at Buffalo, on the 6th of December ; and a subpœna was immediately made out, and was served upon the defen-dant on the same day, together with the injunction. The so-licitor for Fitch received notice of the filing of his bill on the same day. But in consequence of a mistake of the deputy clerk, in overlooking his directions to present the bill to the vice chancellor and obtain an injunction thereon, he had to send again to Rochester to procure the allowance of an injunction before he took out and served his subpœna ; and he was not therefore able to serve both the subpœna and injunction until the 15th of December.

The vice chancellor decided that the complainant, in the suit in which the subpœna was first taken out and served, was entitled to a priority of payment, out of the defen-dant's property in the hands of the receiver, although the bill of the complainant in the other suit was first filed in the clerk's office. And he made an order accordingly ; from which order Fitch appealed.

*E. Fitch Smith*, for the appellant.

*C. H. Bramhall*, for the respondent.

The Chancellor. The complainants in both of these cases sent their bills to the clerk's office at the same time ; neither being aware of the fact that the other was about to com-mence a suit against the same defendant for a similar pur-pose. But owing to a mistake the deputy clerk who acted as the appellant's agent, filed the bill immediately, and without applying to the vice chancellor for an injunc-tion thereon ; in consequence of which mistake that bill got on to the files of the court two hours before the respon-dent's bill. And if the filing of the bill, before taking out and serving a subpœna or making a bona fide attempt to serve it, was the commencement of a suit in this court, the appellant would have obtained a preference in payment out of the property of the defendant, in consequence of

this mistake of the deputy clerk. The filing of the bill, however, is not the commencement of the suit; although by statute the bill must now be filed before any process for the appearance of the defendant can be issued. (2 *R. S.* 179, § 70, 76.) It is true, in common parlance, we use the expression "*filing of the bill*" to denote the commencement of a suit in chancery; instead of referring to the issuing and service of the subpœna, or the making of a bona fide attempt to serve it, after the bill has been filed, which is the actual commencement of the suit in this court. (*Webb* v. *Pell*, 1 *Paige's Rep.* 564. 1 *Dan. Ch. Prac.* 554.)

Here, as I understand the affidavit of the appellant's solicitor, no subpœna was attempted to be served, or was even issued, until the solicitor received the injunction from Rochester, which was more than a week after the injunction and subpœna in the respondent's suit had been actually served upon the defendant.

The decision of the vice chancellor is therefore clearly right; and the order appealed from must be affirmed with costs.