the general rule. The defendant's application is therefore denied, with $8 costs.

*The President, Directors and Company of the Merchants and Mechanics Bank* v. *Walter S. Griffith.* I. McCONIHE, for Complainants; J. RHOADES, for defendant. Order of Oct. 23d vacated and set aside, without costs to either party; and application for the appointment of a receiver dismissed, but without prejudice to the right to renew it upon an amended bill. Or complainants to be at liberty to dismiss their bill, on payment of costs, and to issue a new execution to county where defendant resides.

*The New-York Life Insurance and Trust Company* v. *Emeline Davis et al.* J. RHOADES, for complainants; E. F. SMITH, for infant defendants. Application for re-taxation of costs in a foreclosure suit. The first class of charges objected to were disbursements for register's fees for filing the bill and other services performed by him, according to the fee bill of 1839, previous to the putting in of the answer of the infant defendants. Upon this question the chancellor observed:

<div style="margin-left:2em">Costs.<br>What items are<br>taxable.</div>

" The act of May, 1840, provides that when a bill of fore · closure shall be taken as confessed, or when the answer put in shall not deny any material matter set forth in the bill, or the right of the complainant to a decree of foreclosure, &c. the several officers named in the act, instead of the fees for their services theretofore allowed shall receive for their services the compensation therein mentioned, and no other fees whatsoever shall be taxed or decreed against the defendant. The act, after fixing a tariff of solicitor's and master's fees in such cases, and prohibiting the allowance of counsel fees, then specifies four items of registers or clerks fees; and declares that every other service required of the register, assistant register or clerks shall be performed without fee or reward. But this act leaves unrepealed the act of 1839, relative to the fees of the register, assistant register, and clerks in chancery, which are to be received for the benefit of the state, except so far as the act of May, 1840, is necessarily in conflict with its provisions. The act of 1839 directs certain fees

to be received from or charged to the solicitors, for registers or clerks fees, in foreclosure suits as well as others. And by the ninth section of the act, the register, assistant register, or clerk, is bound to require payment in hand for all services rendered officially for any persons other than solicitors who have agents residing at the place where the office is located. (*Laws of 1839, p. 361.*) That act also requires accounts to be kept, not only of the fees actually received, but of all fees, perquisites, and emoluments which the register, assistant register or clerk shall be entitled to demand and receive from any person for any service rendered by them in their official capacity, pursuant to law. And the moneys so received they are required to deposit in bank to the credit of the state treasurer, and transmit their accounts of the fees paid and unpaid to the comptroller periodically. It is impossible at the commencement of a foreclosure suit, to ascertain whether it will or will not be defended and contested by plea, answer or demurrer. Until after the defendants have answered, or the bill has been taken as confessed against them, the register, assistant register, or clerk, is therefore bound to demand and receive from the solicitor, for the use of the state, the fees for services performed by them officially, at and after the rate prescribed in the fee bill of 1839. And no provision is made by law for refunding such fees to the solicitor, by the state, or for deducting them from the accounts rendered against them, in case the defendants afterwards suffer the foreclosure suit to be taken as confessed, or put in an answer which does not contest the complainant's right to a decree of foreclosure. The only rational construction therefore, which can be put upon the acts of 1839 and 1840, when taken together, is to construe the provisions of the latter, so far as relates to such fees, as only applicable to services performed by the register, assistant register or clerk, after it is ascertained that the suit will not be defended; and to allow to the solicitor as a necessary disbursement in the suit, the fees which he has been compelled to pay for services performed before that time, according to the fee bill of 1839. The register's fee bill for filing the bill, sealing the subpœnas, entering order for absentee to ap-

pear, entering order nisi for the appointment of guardian ad litem, copy of the order and filing three affidavits, and entering order that infants answer the bill were properly allowed as necessary disbursements paid by the solicitor."

The chancellor also decided that the register is not entitled to a fee of eight cents for entering the bill; as the allowance by the folio for entering any order, decree or proceeding in the minutes was intended to cover proceedings which were copied into the registers of decrees and orders—such as the proof of wills, &c.—and does not apply to the mere memorandum entered in the minutes of causes. He also decided that the register is not entitled to a fee for filing the draft of orders to be entered by him; as such drafts are delivered to him to be entered in the minutes but are not to be considered as filed papers. Also, that a charge for filing amendment to bill is not chargeable, without a special affidavit showing that the necessity for the amendment did not arise from the fault or negligence of the complainant's solicitor, and explaining why it became necessary—That no extra charge for serving subpœnas to appear, beyond the sum allowed therefor, can be taxed as a disbursement.

That the court may dispense with the necessity of serving an order nisi to appoint a guardian ad litem for infants, where the solicitor, at the time of serving the subpœna, also serves a notice that he will apply for an absolute order for that purpose, unless the infant shall have a guardian ad litem appointed within twenty days after the time specified for his appearance.

That no counsel fees can be allowed on special motions in foreclosue suits where there is no defence.

That the master is not entitled to an allowance for attendance to sign summons on a reference to compute amount due on a mortgage; nor for attending upon the return of summons and adjourning the hearing, where none of the defendants have appeared in the suit; unless in a case where it is necessary for the complainant to produce testimony as to the rights of non-resident defendants or as to the propriety of selling the whole mortgaged premises. Nor is the master enti-

tled to an allowance for drawing and copy of the underwriting upon the summons; as the underwriting as well as the drawing of the summons belong to the duties of the solicitor.

That the master is entitled to a fee for attendance upon a reference to compute amount due, in addition to the specific allowance for computation, where the defendants have appeared and are summoned to attend the reference, and the master is required to examine and report as to the rights of the infants, as well as to take proof as to the rights of absentees.

The sum of $34,65 directed to be deducted from the bill of costs, as taxed, and the balance only, directed to be paid. Guardian ad litem allowed $8, for his costs upon this application.

*Charles A. Davis* v. *The American Life Insurance and Trust Company and others.* E. SANDFORD, for the complainant; J. RHOADES, for defendants. Order appealed from affirmed with costs, but without prejudice to complainant's right to renew the application for an injunction, as to the Sterling note, on an amended, or a new bill.

*Thomas Powell et al.* v. *Stephen Tuttle et al.* J. A. COL-LIER, for complainants; H. GRAY, for defendants. The chancellor decided that where a party applies for leave to examine witnesses whose names have not been furnished to the examiner or to the adverse party according to the provisions of the 83d rule of this court, upon the ground that the materiality of such witnesses has been discovered subsequent to the examination of all or any of the witnesses of the adverse party, a general affidavit of the party that the testimony is material as he is advised by counsel and verily believes is not sufficient. But he must state in his affidavit, briefly, the nature and substance of what he expects and believes he will be able to prove by such witnesses; not only to prevent evasions of the rule, but also to enable the court to insert such provisions in the order allowing such new witnesses to be examined, as will be necessary to protect the rights of both parties.

*Practice as to examining new witnesses after examination closed.*

That where, after the examination of witnesses is closed,