## ALLEN vs. CASE and another.

13  621
108  661

Where after the filing of a bill in chancery under the former practice, to foreclose a mortgage, a defective subpoena had been served, and afterwards the solicitors of the parties, plaintiff and defendant, filed a stipulation that the service of the subpœna and all subsequent proceedings in the cause should be set aside, and the complainant should amend the subpœna so as to date it as of the day when such stipulation was made, the foreclosure suit must be deemed to have commenced at the time of the service of such *amended* subpœna.

A judgment having been obtained against the maker of said mortgage, and docketed in the county where the mortgaged premises lie, between the time of the filing of said bill, and the service of the amended subpœna, and the judgment creditor not having been made a party to the bill, the purchaser of the land at the judgment sale had a right to redeem, as against the purchaser at the sale made under the decree in said foreclosure suit, or his assignee.

APPEAL from the Circuit Court for *Rock* County.

This was an action against *James O. Case* and *Angeline* his wife, to redeem land which had been sold upon a fore-

January Term,
1861.

ALLEN
v.
CASE et al.

closure of a mortgage executed by them to one Cheney to secure the sum of $300 and interest. Cheney had assigned the mortgage to one Fisher, who filed a bill in January, 1851, for its foreclosure, making the mortgagors the only defendants; but the subpœna which was served, was, by mistake, tested the 21st of February, 1851, and made returnable on the 5th of the same month. On the 29th of March, 1851, a stipulation was filed in said foreclosure suit, signed by the solicitors for the respective parties therein, to the effect that the service of the subpœna and all subsequent proceedings in the cause should be set aside, and that the complainant might amend the subpœna so as to date it that day, and make it returnable in the proper number of days thereafter; that the cause should be continued, and the clerk of the court should on that day enter an order to that effect, &c. The subpœna was amended accordingly. A decree of foreclosure was afterwards rendered in the action, and Cheney bought the premises at the foreclosure sale, for $109 56, and in June, 1856, conveyed his interest in the same to *Angeline Case.* The plaintiff in the present suit claimed under a sale of the same premises, upon an execution to satisfy a judgment in favor of Ogden and others against *James O. Case,* which was docketed on the 14th of February, 1851. The complaint alleges that the consideration of the deed from Cheney to *Angeline Case* was paid by *James O. Case;* that said *James* afterwards paid Fisher the full amount then secured by his mortgage, and that the plaintiff had tendered to Cheney, and afterwards to said *Angeline* and *James,* the full amount of the sum bid by Cheney for the land at the foreclosure sale, with interest, which they severally refused to accept, and that he had also tendered to said *James* and *Angeline* for execution by them, severally or jointly, quit claim deeds for the said premises, which each had refused to execute. The amount tendered was brought into court, with the complaint. The complaint demanded judgment that said *Angeline* should accept the money tendered, and that she and said *James* be required to execute a deed conveying said premises to the plaintiff, &c.

The circuit court sustained a demurrer to the complaint,

as not stating facts sufficient to constitute a cause of action. <span>January Term, 1861.</span>

*Mat. H. Carpenter*, for appellant:

ALLEN
v.
CASE et al.

1. The *lis pendens*, in the case of the foreclosure suit, began from the service of the subpœna after the filing of the bill. *Murray vs. Ballou*, 1 Johns. Ch., 576; *Hayden vs. Bucklin*, 9 Paige, 512, and cases there cited; *Miller vs. Kershaw*, 1 Bailey Ch., 479; *Fitch vs. Smith*, 10 Paige, 9; *Allen vs. Mandeville*, 26 Miss. (4 Cush.), 397; *Goodwin vs. McGehee*, 15 Ala., 235. 2. The title of the plaintiff under the judgment sale relates back to the rendition of the judgment. A sale, when perfected, has relation to the first point of time when the creditor making the sale fixed his debt as a specific lien upon the property. When the suit is commenced by attachment, the title relates back to the attachment. 1 McLean, 95; 23 Mo. (2 Jones), 85; 30 Me. (17 Ship.), 40; 1 Gil., 213; 2 Humph., 172. Where the judgment is a lien, the title relates to the time of docketing the judgment. STORY, J., in *Conard vs. The At. Ins. Co.*, 1 Pet., 386—442; *Hutchinson vs. Horn*, 1 Carter (Ind.), 363; *Kollock vs. Jackson*, 5 Ga., 153; *Miller vs. Estill*, 8 Yerg., 452; *Smith vs. Allen*, 1 Blackf., 22; *Scott vs. Purcell*, 7 Blackf., 68. Where the delivery of the execution to the sheriff, or the levy, creates a lien, the title relates to that time. 1 Dana, 360; 5 id., 271; 17 Ill., 47; 4 Ship., 151. 3. Counsel distinguished this case from that of *Arnot vs. Post*, 6 Hill, 65, and 2 Denio, 344, by the fact that in that case the foreclosure was by publication under the statute, and all the world were parties, while in this case there has been no foreclosure as to the plaintiff. 3 Johns. Ch., 459, and cases cited in opinion; 1 Dana, 23; 13 Peters, 14; 28 Eng. Ch., 530; 4 Johns. Ch., 605; 1 Brock., 126; 3 Rand., 511; 1 Bailey Ch., 283—291; 3 Blackf., 230.

*Sloan & Patten*, for respondents. [No argument on file.]

*By the Court*, PAINE, J. We think the stipulation of the 29th of March, 1851, made in the foreclosure suit, was equivalent to an abandonment of the prior attempted service, and beginning anew. And from this it follows that the judgment under which the plaintiff in this suit claims title, was

<span>1860, October 15.</span>

January Term, rendered before the foreclosure suit was commenced, the
1861.		service of the subpœna being the time when the suit is to
ALLEN		be deemed as commenced, so as to apply the rule of *lis pen-*
v.		*dens. Murray vs. Ballou,* 1 Johns. Ch., 576; *Hayden vs.*
CASE et al.	*Bucklin,* 9 Paige, 512; *Miller vs. Kershaw,* 1 Bailey Ch., 479;
		*Fitch vs. Smith,* 10 Paige, 9; *Allen vs. Mandeville,* 26 Miss.
		(4 Cush.), 397.

That being so, and the judgment creditor not being made a party to the suit, we think he was not prevented from pursuing his rights under the judgment, and that the purchaser under it would not be within the rule of *lis endens.* The question was considered in the case of *Murphy vs. Farwell,* 9. Wis., 102, and we shall only refer to the reasons there given in support of this position. One case has fallen under our observation, where the court seem to intimate an opposite doctrine. *Kersey vs. Turbett,* 27 Penn. St., 428. But the point was not thoroughly considered, and the court takes no notice of the distinction between a purchase in pursuance of a specific right, accruing before suit brought, and a mere voluntary purchase from a party to the suit, after it is brought. The facts in that case made it a purchase of the former kind, but the authorities referred to by the court relate entirely to purchases of the latter kind. And we see nothing in the case to induce us to change the view expressed in *Murphy vs. Farwell.*

We think, therefore, that the plaintiff had the right to redeem from the foreclosure sale, on paying the amount of the bid, with interest.

The judgment must be reversed, with costs, and the cause remanded for further proceedings.

1861,		Since filing the foregoing opinion, the judgment of this
May 15	court was set aside by stipulation, on account of some misunderstanding between counsel at the time the case was formerly submitted, and it was re-argued. After carefully reconsidering the positions above taken, we think them correct.

The counsel for the respondent contended that the doctrine of *Murphy vs. Farwell* would lead to a different result,

and seemed to suppose that the decision in that case turned upon the point that the sale to Farwell was under a prior and paramount mortgage. It is true that fact is mentioned in the opinion, but the decision was not based upon that, but upon the fact that the sale took place in pursuance of an interest in the property, acquired before suit brought. It is obvious that this is equally as true of a second mortgage, or of a judgment lien, as of a first mortgage. And we think the owner of either, acquired before suit commenced, may, if not made a party, proceed to enforce his rights under his lien, without subjecting the purchaser at his sale to the rule of *lis pendens*, because some other person interested in the property may at that time have a suit pending in regard to it. The reasons for this conclusion are so fully stated in *Murphy vs. Farwell*, that we deem it unnecessary to add anything further.

Our opinion is also unchanged in respect to the time when, upon the record, the suit was to be deemed commenced. The parties stipulated that the service was to be set aside, and the subpœna dated as of that day. It would be difficult in the face of such a record, to assume that the subpœna was served before its date. It could only be done by disregarding the record which the parties stipulated should be made, and reaching beyond it after something by which to bring the purchaser within the rule of *lis pendens*. The authorities however are, that the proceedings are to be construed strictly in his favor. 10 Paige, 512.

The judgment is reversed, with costs, and the cause remanded for further proceedings.