## DAVIS a. DUFFIE.

*New York Superior Court; Special Term, June,* 1861.

REDEMPTION FROM MORTGAGE AND FORECLOSURE.—PARTIES.—
SERVICE OF PROCESS.—COMMENCEMENT OF ACTION.—VOID CON-
VEYANCE BY PLAINTIFF.——COSTS.

In an action to redeem real property from a mortgage, brought after a supposed
foreclosure of the mortgage, under which foreclosure the mortgagee had bid in
the property ; the grantees of such mortgagee being in possession, are neces-
sary parties, and are to be treated as assignees of the mortgage in proportion
to their interests.

*Held,* also in this case that the redemption-money should be distributed among
them on the basis of their purchase-money, and in the order of the con-
veyance.

The delivery of summons and complaint to the sheriff to be served, with an hon-
est intent to have them served, is a commencement of the action, so as to save
the case from the Statute of Limitations.

Where A. conveyed to B. a part of certain lands which were held adversely by
third persons, and A. and B. subsequently united in bringing an action to
recover the lands, pending which B. conveyed to C., who was thereupon sub-
stituted as a plaintiff in B.'s stead :—*Held,* that the action could not be de-
feated upon the objection that such conveyances were void by the statute.

In an action to redeem real property which the defendants have resisted on a
point of law, which wholly fails them, costs should not be allowed to them on
judgment against them as in ordinary cases of redemption.

Trial by the court.

This action was brought by Smith Davis and Brian Reilly
(for the latter of whom Oliver Davis was afterwards substituted)
against Cornelius R. Duffie, Jonas Conklin, Gerardus A. C.
Van Beuren, William V. Brady, Thaddeus Sherman, Senior,
Thaddeus Sherman, Junior, Edgar M. Brown, The East River
Savings Institution, and John W. Mitchell, impleaded with
others.

The plaintiff Smith Davis was seized of the premises in
question in this cause, and on the 8th of March, 1838, executed
a mortgage thereof to the defendant, Cornelius R. Duffie. He
was convicted of forgery and sentenced to the State prison, to
which he was committed for seven years. His term of impris-

onment expired on the 2d of September, 1846, when he was discharged.

While he was so imprisoned, a suit was commenced by Cornelius R. Duffie, by a next friend, in the late Court of Chancery, before the Vice-chancellor of the First Circuit, to foreclose such mortgage. The present plaintiff, Davis, the mortgagor, and his wife, and certain judgment-creditors, were made parties thereto.

The mortgage executed by Smith Davis, and upon which the foreclosure was made, contained a clause that the principal should be forfeited upon non-payment of the interest. The interest was duly paid down to the 8th of March, 1839. The foreclosure took place for interest falling due on the 8th of September, 1839.

The subpœna in such suit was served personally upon Davis, on the 21st of December, 1839, in the prison, and also upon the keeper. It was returnable on the 23d of said December. No one appeared for him as solicitor or otherwise. The bill was taken as confessed. A decree of foreclosure and sale was made on the 10th of September, 1840, under which the premises were sold by a master in chancery, and purchased by the said Duffie, who received the master's deed on the 29th of May, 1841.

In the year 1850, Duffie made sale of the property by public auction, and conveyed various parcels to purchasers by deeds, with covenants of warranty. Two of the lots, described in the complaint as Nos. 35 and 9, were bid off by the defendant, John W. Mitchell, for the defendant, Cornelius R. Duffie. No deed was executed, and the title to the same still remained in Cornelius R. Duffie.

The defendant Jonas Conklin became the purchaser of lot No. 112, and received a deed therefor, dated the 7th of November, 1850. The consideration was the sum of $485. The title to the same still remained in him. The defendant William V. Brady became the purchaser of lots Nos. 62, 73, 105, 267, 268, 269, 270, 271, and 272, for the aggregate amount of $1,290, and received a deed therefor, dated the 7th of November, 1850.

The lots Nos. 62, 73, and 105, so purchased by Brady, were conveyed before the commencement of this suit, and were still held by the defendant Gerardus A. C. Van Beuren, who has

mortgaged the same, with other property, to the defendant, the East River Savings Institution.

The lots Nos. 270, 271, and 272, so purchased by Brady, were, before the commencement of this action, conveyed to, and were still held by the defendant, Thaddeus Sherman, Jr. The defendants, William V. Brady and Thaddeus Sherman, Sen., respectively, held mortgages upon the same.

The lots Nos. 267, 268, and 269, also purchased by Brady, were disposed of and conveyed by him to other parties, made parties to the suit, but as to those persons and lots, the claim has been compromised and the action discontinued. Lot No. 23 was purchased at the sale by John Erhardt, who also has been compromised with, and the action as to him and such lot discontinued.

In August, 1856, the present plaintiff, Smith Davis, and one Brian Reilly filed a complaint for the purpose of redeeming the property thus sold in the foreclosure suit; Davis having, on the 1st of May, 1856, sold and conveyed all the property to Reilly, and Reilly, on the 6th of August, 1856, sold and reconveyed to Smith Davis all the lots, except Nos. 23 and 9.

The summons, directed to all the above-named defendants, with many others, was delivered to the sheriff of the city and county of New York, or a deputy, on the 28th of August, 1856, signed by the attorney, and with the intention to have such summons served. Duffie and several of the other defendants then resided in the city of New York.

The summons required the defendants to answer the complaint in this action, of which a copy was therewith served upon them.

Actual personal service of the complaint was made upon most of the parties. Others appeared voluntarily.

On the 2d day of April, 1857, Reilly conveyed the two lots, Nos. 23 and 9, held by him at the commencement of this action, to the plaintiff, Oliver Davis, who thereupon was made a co-plaintiff in the suit.

The cause was tried before Mr. Justice Hoffman at special term. It appeared that the present defendants, holders of the lots above enumerated, and as to which redemption was sought, or their grantors, had paid the taxes and assessments upon such lots from the times respectively of their acquiring title

thereto. No improvements, no inclosures or erections have been upon or around the same, except as follows:

A part of lot No. 9 had been at one time used as a garden, by a person empowered so to do by the defendant Cornelius R. Duffie.

The permission of the defendant Van Beuren was given to one Love, in the year 1851, to use No. 62, who put a fence inclosing this lot, with two others adjoining, owned by himself. Love had received such permission before the license given by Van Beuren from the plaintiff, Smith Davis. Love gave Davis some vegetables for the use of the lot in 1858 and in 1859. He paid the taxes in the year 1851, under his arrangement with Van Beuren.

The defendant Van Beuren gave permission to a woman, in 1854, to use lot No. 73, who put up a shanty on part of it.

The defendant, Conklin, blasted some rock upon No. 112, bought by him, and cleared off part of the rock.

In April, 1860, HOFFMAN, J., rendered an opinion which, omitting some parts that are unimportant, was as follows:

The counsel of the defendant Duffie insists that the grantees of Duffie cannot be assignees of the mortgage in proportion to their interests. He cites Chancellor Kent as stating, in Wilson *a.* Troup, "That the suggestion that the mortgagee could not foreclose, because he had previously sold parcels of the land, is entirely without foundation," and cites Justice Savage to the same effect.

It would be equally without foundation to suppose that such transfers by a mortgagee could defeat a redemption.

The grantees of Duffie, in possession, were necessary parties. They were to be turned out. The court, upon sustaining a bill of redemption, gives redress by a writ of assistance. Duffie himself, merely as mortgagee, was a proper party; but had he been omitted, and no demurrer taken, it is clear that under the Code his absence would not have defeated the action. (See *Calvert on Parties*, 185, &c.)

When the grantees of Duffie are made parties, it is because he had transferred to them portions of what he could transfer, a right to the share of the mortgage-money if a redemption was adjudged, and part of any interest and right attending the mortgage, just as if there was a separate mortgage of a proportionate

amount on the particular lots.   The grantees became assignees of the mortgage in proportion.

The case is a clear one (as I am bound upon the point of the service in prison*), except as to the effect of the delivery of the summons and complaint to the sheriff to be served.

The counsel of the plaintiff has referred me to two cases which escaped my notice: Webb *a.* Pell (1 *Paige*, 564), and Hayden *a.* Bucklin (9 *Id.*, 512).

The former is very strong upon the question.   It was the case of a bill of review.   By a rule of the court, then in force (1828), the time for filing such a bill was the same as for taking an appeal.   This was five years by statute.   (1 *Rev. L. of* 1813, 134.)   On a motion to dismiss the bill for irregularity, Chancellor Walworth said: "The affidavit of the complainant's solicitor shows that a subpœna was taken out with a *bona fide* intent to serve it within the five years.   This is sufficient to remove all objection as to the time in which this suit was brought."

In Hayden *a.* Bucklin, the chancellor expressly takes the distinction between what is necessary to create a *lis pendens* as to subsequent purchasers of the subject of litigation, and what is necessary to prevent the operation of the Statute of Limitations.   He says the filing of a bill and taking out a subpœna, and making a *bona fide* attempt to serve it, may be considered as the commencement of the suit for this purpose.   He refers to Webb *a.* Pell.

So in Fitch *a.* Smith (10 *Paige*, 9), he treats in his reasoning the *bona fide* attempt to serve a subpœna as the commencement of the suit in regard to the defendants.

I consider all this sufficient to determine the question, and that my first conclusion was erroneous.

In June, 1861, after further hearing and consideration, the following opinion was rendered; from which, however, we omit what was said on the effect of the service in prison.

HOFFMAN, J.—The case has been several times before me, at different stages, and I may recapitulate briefly the points de-

---

* Upon that point the decision here reported was reversed on appeal, 8 *Bosw.*, 617.

cided, and state those which are now decided upon the final judgment.

The assignees or grantees of Duffie, by the various conveyances, or their grantees, in possession, were necessary parties to the bill to redeem. Lord Hardwicke once decided, that where the mortgagee had purposely complicated the case, and embarrassed the mortgagor by numerous conveyances, the court will relieve the mortgagor from the necessity of making all parties. (2 *Atkyns' R.*, 237.) But, subject to such an exception, the assignees or grantees of a mortgage must be before the court. (Palmer a. Carlisle, 1 *Sim. & Stu. R.*, 423; *Calvert on Parties*, 181, 183; Dias a. Merle, 4 *Paige*, 259.)

To hold that the parties in possession, under conveyances of a mortgagee made after what was supposed to be a perfect foreclosure, should be turned out without being heard in court, is, of course, preposterous. Then they must be parties, or ejectment brought after the redemption-money is paid to the mortgagee; and then, it is clear, they should be at liberty to contest the right to redeem.

I consider that, in a strictly just and equitable sense, the grantees of a mortgagee so situated, with warranty, are assignees *pro tanto* of the mortgage, that is, as between the mortgagee and them, of every right, interest, and title which could exist, as if there had been distinct mortgages assigned on their respective parcels. The case of Wilson a. Troup (2 *Cow.*, 195) does not affect this proposition. The point decided was, that sales made and deeds executed by a mortgagee of part of the premises did not preclude his foreclosing the mortgage. But it was fully admitted that his purchase was for the benefit of his grantees. And Sutherland, justice, expressly says: "So far as they (the grantees of the mortgagee) had any interest in the mortgaged premises, they may be considered as assignees of the mortgagee, and the purchase by him was for their benefit and account."

But, at any rate, here are Duffie himself, and his grantees or assignees, with covenants of warranty, comprising all who are entitled to the redemption-money, properly before the court, on a redemption bill. It is the duty of the court to settle their respective claims definitively, as far as they can be in this suit.

The delivery of the summons and complaint in this suit to

the sheriff to be served, with an honest intention to have it served, was a commencement of the action, so as to save the Statute of Limitations. The cases of Webb *a.* Pell (1 *Paige*, 564) and Hayden *a.* Bucklin (9 *Id.*, 512), are sufficient authorities, and removed my first impressions, which, as the case was not governed by the Code, were, that actual service was necessary. (See, also, Fitch *a.* Smith, 10 *Paige*, 9.)

The point arising from the possession of one of the parties, rendering the conveyance of Reilly and that from him invalid, because against the statute as to purchasing titles, when the party is out of possession, it seems to me is wholly untenable. (1 *Rev. Stat.*, 739, § 147.) The conveyance by Davis before suit to Reilly was either absolutely void as between them, and then the title remained in Davis; or, good as between them, and then the re-conveyance was equally good. The conveyance by Reilly of lots 23 and 9 to Oliver Davis is of no moment as to No. 23; and as to No. 9, now held by Duffie, there was no adverse possession. Duffie was in possession as mortgagee, if there was no foreclosure.

There remains the point raised upon the exceptions, and argued fully upon the hearing for final judgment, by way of a re-hearing of the order of reference. In fact, that order was not meant to settle the right of Duffie, but was to obtain a statement and information which would enable the court finally to dispose of all questions without a further reference.

I am satisfied that the whole redemption-money ought to be distributed among his grantees on the basis of their purchase-money, and in the order of his conveyances. As Conklin and Van Beuren are to be treated as grantees by deeds of the same date, and Sherman acquired title from Brady, subsequently to Van Beuren, the latter as between those two, must have a priority. So the money is divisible in the following proportions, as of the 12th of January, 1861:

To Jonas Conklin . . . . . . . $830 63
To Van Beuren . . . . . . . 1,438 61
To Sherman . . . . . . . . 259 76
                                        ————————
                                        $2,529 00

To be paid J. Conklin . $830 63 + $227 49 . $1,058 12
" " Van Beuren 1,438 61 + 1,547 97 . 2,986 51
" " Sherman . . 259 76 + 190 44 . 450 40
" " C. R. Duffie (Taxes, &c.) . . . . 360 77

As to costs, it cannot be, that when the defendants have resisted redemption on a point of law, which wholly fails them, the ordinary rule prevails, and costs should be allowed them. The rule referred to is by no means without exception.