WILLIAM B. HOLLISTER, Respondent, *v.* JACOB L. ENGLEHART and others, Appellants.

*Recovery — must be on cause of action set forth in the complaint.*

In this action, brought to recover the price of high wines sold and delivered to the defendants, one defense was, that the wines were sold to be redistilled, the profits arising therefrom to be divided between plaintiff and defendants, and that while in the latter's possession they were destroyed by fire. Upon the trial, evidence was given, without objection, tending to prove that insurance companies had paid to the defendant losses upon a portion of the said wines, and that he had promised to pay plaintiff therefor as soon as he received his claims from the companies. In an answer to a question by a juror, the court charged that, if they believed that the defendants had made such a promise, and received the money, plaintiff was entitled to recover.

*Held,* that the charge was erroneous, as it allowed the plaintiff to recover upon an entirely different cause of action from that set forth in the complaint.

*Arnold* v. *Angell* (62 N. Y., 510) followed.

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The complaint alleged a sale and delivery of high wines by the plaintiff to the defendants, of the value of $3,848.32; that a payment of $400 on account was made the day of the sale, leaving a balance of $3,448.32 due, for which, with interest, the plaintiff demanded judgment.

The answer denied all the allegations of the complaint, and set up that they had received the goods to rectify and distill into alcohol, under an agreement that, when so distilled, the alcohol should be sold and the profit shared between the plaintiff and the defendants; that afterwards, and before any sale had been effected, the distillery of the defendants was burnt up, without their fault, and the goods wholly destroyed.

The case was tried before Judge Lawrence and a jury. There was conflicting evidence upon the question whether the transaction between the parties was a sale or an arrangement by which, after distillation, the goods were to be sold by the defendants for joint account. Evidence was given tending to show that defendants had promised to pay the plaintiff as soon as they arranged with the insur-

ance companies; and that they had received from the companies payment for a portion of the high wines so destroyed.

*Albert Cardozo*, for the appellants.

*Edwin Blankman*, for the respondent.

Brady, J.:

This is an action to recover for goods sold and delivered, and was tried as such on the plaintiff's complaint and evidence. The promise of payment to which the plaintiff testified, was made, as he shows, in that connection.

The defendants, however, by answer and proof, insisted that the wines alleged to have been sold were delivered to them for redistillation, on shares, and that the profits subsequently accruing upon their sale were to be divided.

The learned justice charged, on this defense, that if the wines were delivered upon this understanding they were at the risk of the plaintiff and he could not recover their value in this action.

He also charged that if there was not an absolute sale of the wines, the defendants were entitled to a verdict.

The question which the juror asked namely: "While we might believe it was a copartnership arrangement in regard to the sale, and not an absolute sale, yet, if the defendants received a certain amount from the insurance company for this loss, is the plaintiff entitled to the amount that they received," and the answer given by the court as follows: "If they promised, as he says they did, that if they should receive the claim from the insurance company, they would pay Hollister, he is entitled to that," was inconsistent with the views previously expressed and changed the entire cause of action. This could not be done. The court of last resort has so declared. (*Arnold* v. *Angell*, 62 N. Y., 510.)

The promise of the defendants, it may be further said, was not predicated of any partnership result or joint profit or interest, but of the alleged sale and founded upon the receipts of indemnity for the loss of the goods by fire, from the insurance company, and which would put the defendants in funds to pay for them. Whether under a proper form of action the plaintiff might not recover in whole or in part, it is not necessary to declare.

He has put himself on the record, as an absolute vendor, and must stand or fall in this action on that basis. I think the judgment should be reversed.

DANIELS, J., concurred.

DAVIS, P. J. (dissenting):

None of the exceptions to the admission or rejection of evidence taken in the course of the trial are of sufficient importance to call upon us to disturb the verdict. The action was for a quantity of high wines, alleged to have been sold and delivered by the plaintiff to the defendant. The answer denied the sale and delivery of the goods, and the indebtedness for that cause; and for a further defense set up, that the high wines were delivered to the defendants as distillers, who were to rectify and distill the same into alcohol, and the profits were to be divided, the defendants having one half thereof for their services in distilling and selling the same; and that while the wines were at their rectifying house, in the process of distillation, their premises were destroyed by fire, and the 162 barrels of high wines were wholly consumed and lost.

In the course of the trial, the proofs of loss furnished to the several insurance companies in which the defendants had policies of insurance upon their stock, were put in evidence, and in the schedules of property accompanying the proofs $8,411\frac{90}{100}$ gallons of bonded whiskey, of the aggregate value of $3,364.36, were stated as part of the destroyed property. This was proved to be the high wines in question, and it was proved that defendants agreed to pay for the same whenever they received the insurance money. They claimed, however, that no insurance moneys had ever been paid to them; but the evidence on that subject was conflicting, and it appeared with substantial clearness, in respect to one of the companies certainly, that payment was made upon the schedule which contained these whiskeys. The loss was compromised with the companies, but there was enough to justify the jury in finding that the compromise embraced the item for the whiskey. The whole amount of plaintiff's right to recover, if he established the sale, was said by the court to the jury to be $5,347.09, principal and interest, and the court instructed the jury that if they found for the plaintiff on the

question of sale, their verdict would be for that amount. On this instruction a juror made this inquiry of the court: "While we might believe it was a copartnership arrangement, in regard to the sale, and not an absolute sale, yet if the defendants received a certain amount from the insurance company for this loss, is the plaintiff entitled to that amount that they received?" To which the court replied : "If they promised, as he says they did, that if they should receive the claim from the insurance company, they would pay. Hollister, he is entitled to that." To this reply the defendants' counsel excepted, saying: "The complaint is for goods sold and delivered upon a particular day, and not based upon any agreement to pay for a proportion of any insurance money even if they received it on account of this claim, and therefore I except to that."

The jury rendered a verdict for the plaintiff for $2,600.

It is very apparent that this verdict was rendered for the amount, and interest thereon, received by the defendants from the insurance company for the high wines in question. A motion was made for a new trial on the minutes, which was subsequently heard and denied, the learned judge giving the following as his reason for such denial: "In this case I am not prepared to say that the court has not the power to amend the complaint so as to conform to the evidence, and such being the case, the motion to set aside the verdict and grant a new trial is denied." From this statement it appears that the only substantial question in the case is, whether the exception to the reply of the court to the juror was well taken; and whether the court had power to amend the complaint to conform to the evidence.

No objection whatever was taken to the evidence in relation to the policies of insurance, the claims for loss, the payment by the companies, or the agreement of the defendants to pay in case they received the insurance on the high wines from the insurance companies. All this evidence seems, however, to have been competent under the pleadings, as tending to prove the alleged sale and promise to pay, and therefore, in accordance with *Arnold* v. *Angell* (62 N. Y., 508), the defendants cannot be said to have waived the point by not objecting to the evidence. The authorities on the subject of the power to amend are extremely conflicting, and an attempt to reconcile them would be fruitless.

A rigid application of the case just cited to this case would require a reversal of the judgment, but we are of opinion that this may be obviated, and justice be done without the necessity of a new trial, by regarding the verdict as a finding of a sale by the plaintiffs to the defendants, of so much of the whiskey as was embraced in the proofs of loss, at the price the jury found was received for it from the insurance company by the defendants. The defendants treated the whiskey as their own, and claimed and demanded their loss upon it as their own property. It entered into the aggregate loss upon which a compromise was effected, and a per centage paid by the respective companies. And a promise to pay it, if it should be received, was distinctly proved, both by the plaintiff and one of the defendants.

There was no injustice in construing this to operate as a sale from the plaintiff to the defendants of the whiskey destroyed, at the price received and agreed by them to be paid to the plaintiff for it; and it is not a fatal departure from the allegations of sale contained in the complaint, that the quantity and price are different than those alleged. Nor is the time alleged in the complaint at all material. The allegations of the complaint would be held to be sustained upon the trial if the plaintiff, for instance, had proved the delivery of the whiskey for the purpose of distillation, and a subsequent agreement of sale, made at any time, though different from that alleged in his complaint, and a promise to pay for the same at any price agreed upon, although greater or less than the price named in the complaint. Under all the circumstances of the case, we are inclined to the opinion that the court might have allowed the amendment suggested in the reasons assigned for denying the motion for a new trial, so that the plaintiff would clearly be entitled to recover, *secunda probata et allegata.* (*Tyng* v. *Commercial Warehouse Co.*, 58 N. Y., 308; *McKecknie* v. *Ward*, id., 541; *Coleman* v. *Playsted*, 36 Barb., 27; *Turnow* v. *Hochstadter*, 7 Hun, 80.) The judgment and order should therefore be affirmed.

Judgment reversed, new trial ordered, costs to abide event.