## In re PENNSYLVANIA GLASS CO.

### WEST SIDE BANK v. FOEHRENBACH et al.

(Supreme Court, Appellate Term.   June 28, 1899.)

SUPPLEMENTARY PROCEEDINGS—RECEIVERS—PRIORITY—NOTICE—VACATUR.
   Under Code Civ. Proc. § 2469, subd. 1, making the appointment of a receiver in supplementary proceedings relate back to include the debtor's personalty at time of service of the order requiring him to attend and be examined, the priority of the creditor first obtaining service is not affected by his failure to notify another creditor instituting similar proceedings, where thereafter notice was given such creditor to show cause why the receiver should not be continued, though it resulted in the vacation of the order of appointment, and the appointment of a new receiver.

Appeal from city court of New York, general term.

In the matter of the Pennsylvania Glass Company and the West Side Bank, judgment creditors of Michael Foehrenbach.   From orders of the general term (57 N. Y. Supp. 396) affirming orders denying the glass company's motion for the appointment of a receiver, and granting the motion of the West Side Bank for the appointment of a receiver in supplementary proceedings, the glass company appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Arthur S. Luria, for appellant.
Robert C. Beatty, for respondent.

LEVENTRITT, J.   On June 2, 1898, the respondent, West Side Bank, recovered judgment against Michael Foehrenbach, and on the same day caused the transcript to be filed, the judgment to be docketed, and the execution thereon to be issued.   On October 28, 1898, the appellant, Pennsylvania Glass Company, recovered

judgment against Michael Foehrenbach, and on the same day caused
the transcript to be filed, the judgment to be docketed, and the exe-
cution thereon to be issued.    No further step was taken by either
party until November 11, 1898, when both the bank and the glass
company, each without knowledge of the other, drew affidavits to ex-
amine Michael Foehrenbach as a judgment debtor.    On the same day
—November 11th—the bank obtained an order requiring Foehrenbach
to appear in court on November 16th for examination.    He, having
been theretofore duly served, appeared in court on November 16th.
The proceedings were regularly adjourned from time to time until the
morning of November 30th, when his examination was had, and imme-
diately upon its conclusion one Albert L. Phillips was appointed re-
ceiver.    The glass company delayed obtaining an order for Foehren-
bach's examination until November 14th.    This order was made re-
turnable on November 30th, and was served on November 25th.    The
examination was had on the return day, when it was disclosed that
on the same morning the judgment debtor had made oath concerning
his property at the instance of the bank, and that Albert L. Phillips
had been appointed receiver.    This appointment having been made
without notice to it, the glass company, on December 2d, obtained an
order to show cause why a receiver should not be appointed, and on
December 3d obtained a further order to show cause why the appoint-
ment of Phillips should not be vacated and set aside.    Both were
made returnable on December 5th.    Immediately after service on it of
the order to show cause obtained by the glass company on December
2d, the bank procured and duly served an order to show cause on its
part, returnable December 5th, why Albert L. Phillips should not be
appointed or continued receiver of the property of Michael Foehren-
bach, judgment debtor.    On the return day of the last-mentioned or-
der, the court adjourned the hearing of the motion to the following
day, so that all the applications might be heard at the same time.    On
that day—December 6, 1898—the various motions were argued.    The
appointment of Phillips was vacated forthwith, and the court, having
taken the other applications under advisement, on December 8th made
two several orders, by the first of which it granted the motion of the
West Side Bank for the appointment of a receiver, but named one
William E. Wyatt, and by the second of which it denied the motion of
the Pennsylvania Glass Company, with leave, however, to have the
receivership extended for its benefit.    From the affirmance of these
orders by the general term the Pennsylvania Glass Company has car-
ried its appeals to this court.

We are called upon to determine the right of priority of the contest-
ing judgment creditors to the application of the property of Michael
Foehrenbach to the satisfaction of their respective judgments.    It is
to be observed that the statutory provisions with regard to supple-
mentary proceedings are intended as a simple substitute for the
creditor's bill usual in chancery practice.    Lynch v. Johnson, 48
N. Y. 27.    In chancery, priority of right to the debtor's property
was declared to be in that creditor who had first effected service of
his subpœna, or made a bona fide attempt to serve it, on the debtor.
Fitch v. Smith, 10 Paige, 9.    Similarly, under the Code, the date of

the first actual service on the judgment debtor of an order for his examination determines the creditor's prior right to the fund. Rid. & B. Supp. Proc. 429; Guggenheimer v. Stevens (City Ct. N. Y.) 7 N. Y. Supp. 263. Under the old Code, by the provisions of which the receiver was vested with the property and effects of the judgment debtor only from the time of the filing and recording of the order appointing him (Code Proc. § 298), it was held that mere service of the order for the examination of the debtor, even though accompanied by an injunction clause, did not give such priority as would defeat a levy under execution on the part of any other judgment creditor intermediate the commencement of the supplementary proceedings and the appointment of a receiver therein. Becker v. Torrance, 31 N. Y. 631. The new Code changed this rule. Now the receiver's title, though vesting only from the time of the filing of the order, extends back for the benefit of the judgment creditor in whose behalf the proceeding was instituted, so as to include the personal property of the judgment debtor at the time of the service of the order requiring him to attend and be examined. Code Civ. Proc. § 2468; Id. § 2469, subd. 1. So that now the commencement of the proceedings gives the judgment creditor an equitable lien on the debtor's property, which, on the appointment of a receiver, becomes a legal title in the latter as of the date of the service of the order for examination. McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948.

In the case at bar priority was with the West Side Bank. Its order was served at least nine days before that of the Pennsylvania Glass Company. The date of the service of the order summoning the debtor for examination, with the accompanying injunction restraining the transfer of property, is the controlling factor in determining the priority of the various judgment creditors. The bank, in procuring its order on November 11, was more diligent than the glass company, whose order followed on the 14th. But, even had the glass company preceded the bank in that particular, priority would still have been with the latter by reason of the prior service of its order. It was the diligence of the bank which prevented any dissipation of Foehrenbach's property between November 16th and November 25th. After the service on him of the injunction order, it became immaterial who succeeded in securing the appointment of a receiver, inasmuch as he was prevented from transferring his property until the order of the court directed him to turn it over to the receiver, Wyatt. Had Mr. Wyatt, or any other receiver, been appointed at the instance of the glass company, he would not have held the property transferred to him as its property, but for all the judgment creditors according to their respective priorities. It would have been in custodia legis, awaiting the determination of those priorities. Banks v. Potter, 21 How. Prac. 469. While a creditor may lose his precedence by sleeping on his rights for too great a period of time after service of his order (Myrick v. Selden, 36 Barb. 15), that question is not here involved, because the West Side Bank was duly diligent. It secured the appointment of Mr. Phillips as receiver on the day that it had the judgment debtor examined. As soon as apprised of the irregularity in the appointment, in that no notice had been given to the glass company,

whose proceeding was pending,—which irregularity, as disclosed by the record, was due rather to a misleading answer of the debtor than to an omission on its part,—the bank promptly moved to have the error rectified. The vacatur of the order designating Phillips does not affect the right of the parties. The priority of the West Side Bank was established when the Pennsylvania Glass Company entered the judgment creditors' race. The orders must be affirmed.

Orders affirmed, with costs to the respondent. All concur.