ROOME, Administratrix, &c., *v.* PHILIPS.

27 357
113 274
27 357
132 397
27 357
135 593

In an action for specific performance, each party moved for an order directing different modes of effecting a conveyance of the title to the defendant. One motion was granted, at special term, and the other denied. On appeal, both orders were reversed, at general term. No appeal lies from such orders to this court, they not making a determination of the action or preventing a judgment from which appeal could be taken.

*It seems* that it should be considered settled that an administrator with the will annexed is not authorized by the statute (2 R. S., p. 72, § 22) to execute a power to sell land conferred by the testator upon his executor.

*It seems* that the Supreme Court may appoint a trustee to execute the power, but that the heir-at-law is a necessary party to the action or proceeding in which an order for that purpose is made.

A power conferred upon an executor to sell real estate on such terms as he might think proper is, *it seems*, inapplicable to land for the sale of which the testator had made an executory contract and tendered performance in his lifetime.

When the administrator with the will annexed had been appointed trustee to execute the power, and asserted the right to execute it in respect to such land, he ought to join with the heir-at-law in executing a conveyance, in performance of the testator's contract.

THIS was a second appeal in the case reported 24 N. Y., 463. The plaintiff is there called the administratrix of an intestate, whereas, in fact, she was administratrix with the will annexed, the executor appointed by the testator having renounced. The executor was directed by the will to sell and convey all the testator's " real estate either at public or private sale, and upon such terms as he may think proper and most beneficial." The other facts sufficiently appear in the following opinion.

*William S. Sears,* for the appellant.

*Livingston K. Miller,* for the respondent.

DENIO, Ch. J. This action was commenced in February, 1860, by Elisha Burrows, of whom the present plaintiff is the administratrix, with the will annexed. Its object was to compel the specific performance of a written contract, by which the defendant agreed to purchase of the original plaintiff a lot of land in the city of New York. The agreement, as set out in the complaint, bore date September 14th, 1859, and by its terms the plaintiff agreed to sell and convey to the defendant, and the latter agreed to purchase the lot in question for $4,000, the conveyance to be delivered on the 5th October following, at a place named, the defendant agreeing, upon receiving the deed at the place mentioned, "the title being good," to pay the plaintiff the said amount. The purchaser was to have the rents from the 1st October, allowing interest from that day until the 5th, when he was to have possession. The complaint averred the execution of a deed, and that the plaintiff attended at the time and place agreed on for its delivery, but that the defendant did not appear to receive it. In addition to these statements, the complaint set forth the will of the plaintiff's father, Elisha Burrows, senior, under which he claimed title to the premises, and the death of a party who had a prior life interest therein. Before any further proceedings were had, and on the 27th February, 1860, the plaintiff died without issue, having by his will, dated May 4, 1859,

Roome *v.* Philips.

named one John Colyer his executor, and directed him to sell and convey all his real estate, and to pay over the proceeds, after payment of his debts, to his mother and aunt, in certain proportions.   Colyer renouncing the executorship, letters of administration, with the will annexed, were issued by the surrogate to the present plaintiff, who caused herself to be substituted as plaintiff; and the defendant then demurred to the complaint.   The question upon the demurrer depended upon the construction and effect of the will of the elder Burrows.   The Supreme Court, at special and general term, sustained the demurrer, and judgment was given in favor of the defendant, with costs, that court holding that by the effect of the will, in connection with the events which had happened, the original plaintiff had not, at the time of entering into the contract, any title to the premises.   Upon appeal to this court, the judgment of the Supreme Court was reversed with costs, and judgment was given for the plaintiff, but with leave to the defendant to answer the complaint; and the record and proceedings were ordered to be remitted to the Supreme Court, to be proceeded upon according to law.   The determination here was, that Elisha Burrows, the vendor and original plaintiff, acquired a legal title to the premises by the will of his father, and that he held such title when he contracted to sell them to the defendant.   It became the duty of the Supreme Court to give effect to this judgment by such further proceedings as the circumstances of the case required.   The formal judgment for the plaintiff, pronounced here, did not complete the process, for the deed which had been executed had become ineffectual and void by the death of the grantor before delivery, and the court could not, upon principles of equity, compel the defendant to part with the price, unless the plaintiff was able to give him a valid title to the land.   The vendor having died without having devised an estate in the premises to any one, they descended to his heirs-at-law, subject to the power given to the executor to sell and convey them, provided that power attached to land which the testator had already sold and agreed to convey by an executory contract.   There

was, besides, an account to be settled respecting the rents and profits. The vendor and his representatives had continued in possession, but the purchaser, paying interest on the purchase price, was entitled to the rents. It would have been a correct course for the Supreme Court, upon being possessed of the case, by the filing of the remittitur, to have entered a judgment in conformity with the determination which had been made here, and upon the application of either party to have ordered a reference to ascertain whether the plaintiff could furnish to the defendant a good title, and to adjust the account of rents and interest, and settle the amount to be paid by the defendant; and upon the coming in of the report to have perfected the details of the judgment. The course which was in effect pursued was this: The defendant, on affidavit, showing that he was ready to complete the purchase, if a good title could be made to him, obtained an order to show cause why an order of reference, with other directions, should not be granted. These affidavits assumed the title to have been in the vendor at the making of the contract, as we had decided, but suggested that the deed which he had executed in his lifetime, and a deed from the plaintiff, as administratrix, with the will annexed, which seem to have been offered, would not constitute a sufficient title, and claimed that the heir-at-law of the vendor, who was his mother, Mrs. Hersfield, together with her husband, and a trustee, to be duly appointed in the place of the executor who had renounced, should unite in a deed to him, upon which he professed a willingness to pay the amount of purchase-money due and complete the transaction.

The time of showing cause was the 18th August, 1862, the judgment of this court having been pronounced at the preceding June term. The motion was not heard on the day named, but on the succeeding day, the 19th August, the plaintiffs applied, at a special term, upon the production of the *remittitur* from this court, and evidence that it had been served on the defendant's attorney, and obtained an order to the effect that the defendant should receive the deed of the present plaintiff, as administratrix, with the will annexed, of the vendor,

who, it was recited, had been appointed by the Supreme Court a trustee to execute the power of sale contained in the will of the vendor, and pay the purchase price of $4,000, with interest thereon from October 1, 1859, together with the costs and expenses of the suit, and an additional allowance, which were liquidated at a sum amounting in the aggregate to $5,177.43; and that in default of such payment the premises should be sold at the Merchants' Exchange, on three weeks public notice, and that the above amount should be paid to the plaintiff, if the sale realized so much; and that in case of a deficiency the plaintiff should have judgment against the defendant for such deficiency. From this order the defendant appealed to the general term. The defendant's motion, pursuant to the order to show cause, was made on the 21st November following, and was denied with costs, and the defendant appealed from that determination to the general term. These appeals were brought on together, and the orders appealed from were both reversed, with costs, on the 7th day of March, 1863. From the determination of the general term, in reversing the two orders of the special term, the present appeal is taken. From this statement it is quite apparent that the orders appealed from are not final in the sense of the Code, so as to be appealable to this court. They leave the case in the same situation in which it stood when the record was remitted to the Supreme Court, after we had reversed the judgment in favor of the defendant. The main question upon which the case originally depended had been settled in favor of the plaintiff, but the title to the land had devolved upon the heir-at-law of the vendor, who was not a party to the suit. Although the effect of our determination was that the defendant ought to have received the deed which was formally executed at the time fixed by the contract for the conveyance, still he had a right to litigate the question as to the vendor's title, and the judgment which he obtained upon that question in the Supreme Court shows that the point was not without difficulty, and that the litigation may well have been carried on in good faith. But, however that may be, a devolution of title occurred pending that

litigation, and when the plaintiff had obtained a determination in favor of the vendor's original title, that title had become vested in another party; and courts of equity, as I have stated, do not compel a vendee specifically to perform the contract of purchase, unless the plaintiff can furnish him with a good title. Whether the plaintiff, as administrator of the vendor, with his will annexed, was clothed with the powers which the will conferred upon the executor named in it—whether the premises in question were subject to that power, seeing that the vendor had already sold them by an executory contract—and, supposing them to be embraced in the power, and that it could only be executed by the executor named or a trustee substituted in his place, under the power now vested in the Supreme Court, to supply a trustee where one has resigned, whether the renunciation of an executor, who is clothed with a trust power is such a resignation as would authorize the appointment of a substituted trustee, or whether, under the circumstances, a good title could not be made without a conveyance from the heir-at-law—were questions to be determined by the Supreme Court before a final judgment in the action could be pronounced. The special term had made an order obliging the defendant to receive a conveyance to be executed by the plaintiff as administrator and trustee, but this had been reversed by the general term. The opinion of the court, given upon reversing the orders of the special term, was to the effect that the heir, together with her husband, must join in a conveyance to be executed also by the plaintiff, as administratrix and trustee, after an appointment as trustee upon proceedings of which the executors must have notice, and that before final judgment could be given, an adjustment of the accounts respecting the rents and profits must be made. If the plaintiff is unable or unwilling to do more than to execute the conveyance referred to in the order of the special term, he can procure an order dismissing his complaint, on the ground that he cannot make a good title, and can then appeal here from that determination; or if he is willing to comply with the conditions which the general

term has declared to be reasonable, he can make a fresh application to the special term for a judgment requiring the defendant to perform his contract, on the plaintiff's fulfilling these conditions. As the case stood when the present appeal was taken, the action was pending and undetermined in the Supreme Court, and no order had been made by the general term which in form or effect determined the action or which prevented a judgment from which an appeal might be taken. It follows that the appeal was premature and that it must be dismissed.

As it may save expense to these parties, we have looked into the questions of law supposed to be involved in the appeal, and which have been argued before us. The power of the administratrix, with the will annexed, to execute the power to sell, given to the executor, is not insisted on by the appellant's counsel. As an original question, I should have supposed that the statute covered the case, and that the administratrix was competent to execute the power (2 R. S., 72, § 22); but this has been held otherwise, in two deliberately considered cases, in the courts of original jurisdiction; and though the doctrine has been questioned by some members of the Court of Errors, it has not been overruled, and should be considered as settled adversely to the right of the administrator. (*Dominick* v. *Michael*, 4 Sandf. S. C., 374; *Conklin* v. *Egerton*, 21 Wend., 430; *S. C.*, 25 id., 224.)

I entertain no doubt of the authority of the Supreme Court to appoint a trustee to execute the power; but I question the validity of the appointment which was made in this case, the heir-at-law in whom the title was vested not being a party to the action in which the order was made, and there being no evidence that the person upon whom, as her attorney or agent, the notice was served, and who consented to the order, was authorized to act for or represent her in that behalf.

But there is a further difficulty in this case. The power of sale conferred upon the executor by the will, had become inapplicable to this land, by the sale of it which the testator had made in his lifetime. The will directs the executor to sell and

convey all the testator's "real estate, either at public or private sale, upon such terms as he may think proper and most beneficial" to his estate. But the manner of sale, and the terms, had all been conclusively determined by the testator before the will took effect by his death, and a sale had actually been made; and the power does not look to the conveyance of the naked title to lands, of the beneficial interest in which the testator divested himself in his lifetime. The sale was not a revocation of that part of the will, express or implied, so as to require an attested instrument to satisfy the statute, nor was the case within the provision which declares that a contract by the testator for the sale of land devised shall not revoke the devise antecedently made (12 R. S., 64, § 45); for the land in this case was not devised, though the proceeds of the sale were. Simply, the duty which the executor was appointed to perform respecting this land, could not be performed by him, because, at the death of the testator, there was no such land to be sold.

We are, therefore, of opinion, with the general term of the Supreme Court, that the defendant is entitled to a conveyance from the heir, in which the plaintiff ought to join, as administratrix and trustee, because she asserts a right to execute the power in these capacities; and there ought also to be a reference to determine the amount to be paid by the defendant.

ROSEKRANS, J., did not sit in the case; all the other judges concurring,

Ordered accordingly.