JOHN PARET, as Administrator, etc., Plaintiff, v. THOMAS KENEALLY, Defendant.

*Administrator with the will annexed — right of, to execute a power of sale given to the executor.*

The right of an administrator with the will annexed to execute a power to sell and convey real estate conferred by the testator upon his executor, is involved in too much doubt to justify the court in enforcing the performance of a contract to purchase the property from him.

Controversy submitted upon an agreed statement of facts under section 1279 of the Code of Civil Procedure.

The agreement for submission is as follows: The parties to the above entitled action being all of full age agree upon the following case for submission to the General Term of the Supreme Court for the First Department:

*First.* That the plaintiff was duly appointed administrator with the will annexed of the estate of John Paret, deceased, by the surrogate of the city and county of New York, Henry Paret, one of the executors named in the will, having died the 10th day of November, 1876, and the other executor and the executrix having renounced in favor of said John Paret.

*Second.* That the annexed exhibit, marked "A," is a true and correct copy of the will of the said John Paret, deceased.

*Third.* That Hester Paret, the widow of said John Paret, deceased, and the executrix named in the will, died on the 20th day of December, 1882.

*Fourth.* That on the 23d day of January, 1883, the plaintiff, as such administrator, was in possession of the property known as No. 405 Greenwich street, in the city of New York, and on said day offered the same for sale at public auction at said city, and that at such sale the defendant became the purchaser thereof for the sum of $12,100, and then and there paid to the auctioneer the sum of $1,210 on the purchase-money.

*Fifth.* That the defendant refuses to complete such purchase on the ground that the plaintiff, as such administrator, has no power or authority to convey a good and valid title to said property in fee simple.

Brady, J.:

Whether the plaintiff, as administrator with the will annexed, has the power to convey and give a valid title in fee simple to the property described is the question submitted for our determination. The provisions of the Revised Statutes in relation to this subject (see sec. 22 of art 1, tit. 2, chap. 6, part 2 of R. S.; 2 R. S., 72) are as follows:

" In all cases where letters of administration with the will annexed, shall be granted, the will of the deceased shall be observed and performed; and the administrators, with such will, shall have the rights and powers and be subject to the same duties as if they had been named executors in such will."

And they seem to have provoked a great deal of discussion. (See *Dominick* v. *Michael*, 4 Sandf. S. C. R., 374; *DePeyster* v. *Clendining*, 8 Page, 310; *Conklin* v. *Egerton's Administrators*, 21 Wend., 430; S. C., 25 id., 224; *Roome* v. *Phillips*, 27 N. Y., 362.)

In the case of *Bain* v. *Matteson* (54 N. Y., 663), all these cases, except *Roome* v. *Phillips*, are referred to, and the court in rendering the decision said: " I am not aware that the question has again been mooted in the courts, but am inclined to think that under the language of the Revised Statutes an administrator with the will annexed in all respects takes the powers of a renouncing or deceased executor, unless a personal confidence in the discretion of the person who is named as executor is plainly expressed or to be implied. Where the power or trust appears to be annexed to the office of executor it may be executed by an administrator, with the will annexed." In this view all the court concurred.

In this case, as will have been seen, a personal confidence in the discretion of the person named as executor is not plainly expressed or to be implied from the provisions of the will. The language is, "I authorize and empower my executrix and executors hereinafter named and the survivors or survivor of them, at any time or times they may deem advisable to sell and dispose," etc. Whether it shall be a public or private sale rests in their discretion under the provisions of the will, but no confidence in the discretion of the person seems to be expressed, as already suggested, and it is a case, therefore, where the power or trust appears to be annexed to the office

of an executor, and that being so it would seem, under the cases just referred to, the power could be exercised by the administrator, with the will annexed. That there should be any serious discussion under a statute, the terms of which are so comprehensive seems to be extraordinary and that there has been would indicate a disposition on the part of courts to restrict its operation, which is, as we have seen, very broad, providing as it does not only that where letters of administration, with the will annexed, shall be granted, the will of the deceased shall be observed and performed, but that the administrators, with such will, shall have the rights and powers and be subject to the same duties as though they had been named executors in such will. This statute invests them, therefore, absolutely and without any qualification, and it would seem without any doubt, with all the rights and powers possessed by executors for whom they have been substituted. This is the apparent effect of the statute.

Of course a different construction may be adopted, for, as said by Justice DUER, in *Dominick* v. *Michael* (*supra*), "there is no difficulty in restricting them (the words of the section) to mean that the rights, powers and duties of an administrator with the will annexed, in relation to that personal estate over which alone an executor as such has any control or dominion, shall be the same as those of an executor." The answer to which is that there is no difficulty either in not restricting them to any such limit, and there is no difficulty in giving to them the effect which the legislature would seem to have intended by the language employed. The statute was fully discussed again in the case of *Dunning* v. *The Ocean National Bank* (61 N. Y., 501), in which the court said: "We cannot, therefore, dispose of this case without considering the questions whether the plaintiff, as administratrix with the will annexed, succeeded to all the power in trust intended to be confided to the original executor named in the will. If such be the law it is very obvious that the action was barred; and the same result will follow if the plaintiff, when appointed administratrix *cum testamento annexo*, or when the surplus was produced on the foreclosure sale, she had in that capacity an immediate right of action to recover it." "In the case at bar," the court further said, "it is, I think, very obvious that the testatrix intended to make her executor a trustee with

large discretionary power, which he might exercise without any reference to his duty as executor. This trust duty was not annexed to the office of executor, but was devised to him as a *person*. He might therefore accept and execute the trust without proving the will or taking out letters testamentary. * * * This being so it of course follows that the plaintiff, as administratrix with the will annexed, did not succeed to any right concerning the trust estate."

This seems to carry out the proposition suggested in the case of *Bain* v. *Mattison* (*supra*), namely, that where the power of trust appears to be annexed to the office of the executor, it may be executed by an administrator with the will annexed.

The result of an examination of these cases is that the question suggested is involved in too much doubt to require the defendant to complete the contract. As an original question, I should say as said by Justice DENIO in the case of *Roome* v. *Phillips, supra*, " I should have supposed that the statute covered the case and that the administratrix was competent to exercise the power." But, as already suggested, there seems to be too much doubt about it to warrant this court in declaring that the plaintiff shall be compelled to perform the contract which he made for the purchase of the property described. The rule is well settled and requires no citation of cases to sustain it, that a court of equity will not compel a person to accept a doubtful title.

For these reasons judgment should be given for the defendant according to the terms of this stipulation.

Ordered accordingly.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment for defendant ordered.