The Mutual Life Insurance Company of New York, Respondent, *v.* Edwin B. Woods, Appellant.

In an action to compel specific performance of a contract for the purchase of land, plaintiff claimed title under a deed of sale upon foreclosure of a mortgage executed by R., the original owner, and under a deed by the executrix of the will of R. By said will the testator devised his residuary estate to his executrix, in trust, with power "to sell, dispose of or convey the same   *   *   *   in such manner as shall seem proper and best for the interest of his estate." A large deficiency arose upon the foreclosure sale for which judgment was entered against the estate

of R. The conveyance by the executrix was in consideration of the release of this judgment and the payment of the sum of $50; the referee found that the price paid was an adequate consideration for the land. *Held*, that if the foreclosure sale, for any reason, failed to convey a valid title, any remaining interest in the land was subject to the power of sale; that the conveyance by the executrix was a valid execution of the power and conveyed a good title as against any persons who were not cut off by the foreclosure; that plaintiff, therefore, had a valid title, such as the defendant was bound to accept, and that the action was maintainable.

(Argued April 16, 1890; decided May 9, 1890.)

APPEAL from judgment of the General Term of the Supreme Court, entered upon an order made January 28, 1889, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This was an action for the specific peformance of a contract for the purchase of real estate.

Plaintiff claimed to have acquired title, first, through a conveyance upon the foreclosure of a mortgage executed by William H. Raynor, who originally owned the land, and his wife; second, through a conveyance to it by Sarah E. Raynor, as executrix of the will of said Raynor, she alone having qualified, under a power of sale contained therein. The provision of the will which it was claimed gave authority to execute the conveyance is as follows:

"FIFTHLY. — I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal, unto my executrix and executors, hereinafter named, the survivors and survivor of them, in trust, with power to receive the rents and profits of the same, and to sell, dispose of or convey the same at such time or times, and in such manner as to them shall seem proper and best for the interest of my estate, and to invest and keep invested such rents and profits, and the proceeds of such sale or sales, in bonds of the United States of America, or of the City or State of New York, or in first bonds and mortgages upon good and sufficient real estate, and to divide and apply the same and the income thereof, as hereinafter directed."

The referee found that there was a deficiency on the foreclosure sale of $2,650.65, and a judgment for such deficiency in favor of plaintiff was entered against the estate of Raynor. The referee also found that the price paid on the foreclosure sale for the lands fairly represented the value of the property at the date of the sale, and that the sale was, at the time, regarded as exceptionally successfully, but was insufficient by the sum aforesaid. Subsequently and in consideration of the sum of $50 and the release of said judgment for deficiency, which the referee found was adequate consideration, the said executrix executed to plaintiff a deed which purported to convey all the right, title and interest of her testator in said premises at the time of his death.

Further material facts are stated in the opinion.

*Aaron Pennington Whitehead* for appellant. The title to William H. Raynor's one-fourth share of the premises in question was vested by the will in William R. Stewart, John H. Morris and Jonathan Edgar, as trustees upon the trusts in said will contained, and in consequence of the failure to make them parties defendant to the foreclosure suit, their interests as trustees under said will, and the interests of the *cestuis que trustent* were not foreclosed. (*Dominick* v. *Michael*, 4 Sandf. 374, 400 ; 1 Greenl. Cruise on Real Prop. 460 ; *Townson* v. *Tickel*, 3 B. & Ad. 31 ; *Burritt* v. *Silliman*, 13 N. Y. 93–97 ; *Beekman* v. *Bonsor*, 23 id. 298– 304 ; *Deming* v. *O. N. Bank*, 61 id. 497 ; Code Civ. Pro. §§ 2639, 2642 ; Redf. Practice, 277 ; Schouler on Ex. & Ad. § 47.) The grandchildren of William H. Raynor who were *in esse* at the time of entering the judgment in the foreclosure case, were necessary parties defendant and as Minna Scott was not made a party defendant, her interest has not been cut off. (Story's Eq. Pleadings, § 193 ; *Lockman* v. *Reilly*, 29 Hun, 434, 439, 440 ; 95 N. Y. 64, 68 ; *Moore* v. *Littell*, 41 id. 66 ; *Wilson* v. *White*, 109 N. Y. 59 ; *Miller* v. *Wright*, Id. 195– 200 ; *Tucker* v. *Bishop*, 16 id. 402–404.) Under the will of Mr. Raynor there was no equitable conversion of his real estate into

personalty as of the time of his death. (*Scholle* v. *Scholle*, 113 N. Y. 261, 272; *Harris* v. *Clark*, 7 id. 242; *McCarty* v. *Deming*, 4 Lans. 440–442; *White* v. *Howard*, 46 N. Y. 144, 162; *Miller* v. *Wright*, 109 id. 194–199; *In re Vandervoort*, 7 N. Y. Leg. Obs. 25; *Fowler* v. *Depau*, 26 Barb. 224; *In re Fox*, 52 N. Y. 530, 536; *Hobson* v. *Hale*, 95 id. 588; *Chamberlain* v. *Taylor*, 105 id. 194.) A purchaser has a right to expect that he will acquire a good title, and the law presumes that he bids with that object in view, and he will not be compelled to accept a deed when the title is doubtful and a claim to the property exists in favor of persons who are not parties to the action, which might impair the value of the real estate by casting a cloud over the title, or by subjecting the purchaser to the risk of a contest at law. (*Argall* v. *Raynor*, 20 Hun, 267; *Lockman* v. *Reilly*, 29 id. 434; *Jordan* v. *Poillon*, 77 N. Y. 518.)

*Herbert B. Turner* for respondent. Stewart, Edgar and Morris were not necessary parties to the foreclosure suit. (*Dominick* v. *Michael*, 4 Sandf. 374, 401; *Judson* v. *Gibbons*, 5 Wend. 224; 1 Perry on Trust, §§ 259, 261, 267; *Burritt* v. *Silliman*, 13 N. Y. 93; *Beekman* v. *Bonsor*, 23 id. 298; *Dunning* v. *O. N. Bank*, 61 id. 497.) The will of William H. Raynor contemplated that only the executor or executrix who qualified should act as trustee. (*Mott* v. *Ackerman*, 92 N. Y. 539, 553; *Stagg* v. *Jackson*, 1 id. 206; *Hall* v. *Hall*, 78 id. 539; *Bogert* v. *Hertell*, 4 Hill, 492; *Perkins* v. *Moore*, 16 Ala. 1; *Hood* v. *Hood*, 85 N. Y. 571; Toller on Executors, 412; 3 Bacon's Abr. 58; *Valentine* v. *Valentine*, 2 Barb. Ch. 430; *In re Stevenson*, 3 Paige, 420; *Ogded* v. *Smith*, 2 id. 195; *Taylor* v. *Morris*, 1 N. Y. 349–358; *Leggett* v. *Hunter*, 19 id. 455; *DePeyster* v. *Clendining*, 8 Paige, 295–310; *Egerton* v. *Conklin*, 25 Wend. 235; *Bain* v. *Matterson*, 54 N. Y. 663; *Bingham* v. *Jones*, 25 Hun, 6.) Minna Scott was not a necessary party to the foreclosure suit. (*Scholle* v. *Scholle*, 113 N. Y. 261; *Clark* v. *Reyburn*, 8 Wall, 318; *Nodine* v. *Greenfield*, 7 Paige, 544; *Murray* v. *Ballou*,

I Johns. Ch. 566; *Murray* v. *Lylburn*, 2 id. 441; *Diamond* v. *Lawrence Co.*, 1 Wright, 353–356; Adams' Eq. [2d ed.] § 385; Code Civ. Pro. § 132; *Stuyvesant* v. *Hall*, 2 Barb. Ch. 151; *Leitch* v. *Wells*, 48 N. Y. 585; *Holbrook* v. *N. J. Z. Co.*, 57 id. 627; *Sheridan* v. *Andrews*, 49 id. 481; *Bellamy* v. *Sabine*, 1 DeG. & J. 566; *Lamont* v. *Cheshire*, 65 N. Y. 36.) But if Minna Scott was a necessary party, all possible interest in the property not conveyed by the referee's deed, has passed to the plaintiff by a deed of the executrix conveying the property. (*Dominick* v. *Michael*, 4 Sandf. 370; *House* v. *Raymond*, 3 Hun, 44; *Leggett* v. *Hunter*, 19 N. Y. 455; *Conover* v. *Hoffman*, 1 Bosw. 214; *Sharp* v. *Pratt*, 15 Wend. 610; *Bunner* v. *Storm*, 1 Sandf. Ch. 357; *Roseboom* v. *Mosher*, 2 Den. 61; *Niles* v. *Stevens*, 4 id. 399.) The title offered by the plaintiff to the defendant is such that the defendant should be compelled to take the same. (*Kelso* v. *Lorillard*, 85 N. Y. 184.)

RUGER, Ch. J. This was an action by the vendor to enforce specific performance by the purchaser of a contract for the sale of certain lands in the city of New York. The lands were originally owned by one William H. Raynor, and the plaintiff claimed to have derived title from Raynor through two independent modes of conveyance: (1) Through a purchase by and conveyance to it on a foreclosure sale upon a mortgage made by Raynor and wife. (2) Through a conveyance to it by Raynor's executrix, under a power of sale conferred on her by Raynor's last will and testament. This title was objected to by the purchaser, first, upon the ground that, so far as it was derived from the purchase on foreclosure sale, it was defective for the reason that certain persons, alleged to have had an interest in the lands, were not made parties to the foreclosure suit, and, second, that, as to the latter source of title, the conveyance by the executrix of the will was alleged not to have been made in conformity with the power. The foreclosure sale took place in 1877, and the deed by the executrix was made in 1880.

It is evident that, if the sale on the foreclosure proceedings failed for any reason to confer a valid title upon the purchaser, any remaining interest in the land would be subject to the execution of the power by the executrix, and her deed to him, if made pursuant to the power, would convey a good title as against any persons who were not cut off by the foreclosure. If, therefore, we come to the conclusion that the executrix's deed was a valid execution of the power, it becomes unnecessary to discuss or consider the objections to the title arising under the claim that the foreclosure proceedings were defective. We are of the opinion that such deed was a valid execution of the power.

The referee has found that the price paid was an adequate consideration for the lands and the estate received the value thereof from the purchasers. These lands were, upon the death of Raynor, heavily incumbered by mortgage, and it was a matter of grave doubt whether, upon a foreclosure, there would not be a large deficiency upon a sale of the lands under such proceedings. It was demonstrated by the foreclosure sale afterwards taking place that these apprehensions were well founded, and a considerable deficiency did, in fact, arise. The payment of this deficiency was chargeable upon the remaining property of the estate in the hands of the executrix, and by the sale to the plaintiff the executrix secured not only a small sum of money, but the release of the estate from the payment of a much larger sum, thus exempting such property from a heavy burden, and placing it in a favorable position to be made available for the purposes of the trust. It cannot be doubted but that a condition thus arose for the exercise of that discretion in regard to the sale of property, which was conferred upon the executrix by the will, and it cannot be said, under the circumstance of the case, that, having received the full value of the land, she has not wisely exercised the discretion with which she was vested It cannot be claimed that the conveyance in question was not strictly within the terms of the power, and to hold that it was not within its spirit and meaning, would tend to defeat the apparent object and pur-

pose of the testator in creating the trust. It was the plain purpose of the will to confer upon the executrix a discretion to so manage the estate as to create a fund for the purpose of carrying out the provisions of the will, and whatever convey- ance comes within the terms of the authority and tends to promote the object of the testator, must be held to be a valid. execution of the power.

The appellant has urged as an objection to the validity of the executrix's deed, that it was executed as an attempt to patch up a defective title. We do not regard this claim as having any force; for we do not know of any principle of law which prevents the holder of a defective title from taking any legal means to procure, by purchase or otherwise, all such claims to real estate as he may consider necessary to protect his own interest therein. We are not unmindful of the rule that a purchaser of real estate, under a contract of sale, is entitled to a conveyance free from any material objection, and we think the title through the deed of the plaintiff tendered to the defendant is such a title and should have been accepted by the purchaser.

The judgment of the court below should, therefore, be affirmed.

All concur, except PECKHAM, J., not sitting.

Judgment affirmed.