63 241
135a 590

AUGUSTUS F. HOLLY, as Executor of NATHANIEL THURSTON, Deceased, Appellant, v. KAUFMAN HIRSCH, Respondent.

*Specific performance — when there is a debatable question of title — the purchaser is not obliged to accept the title.*

In an action brought to compel the specific performance of a contract for the sale of land, it appeared that Martin W. Brett contracted with John M. Pinkney to sell him the premises in question; that Pinkney paid a part of the purchase-money, but before the time of performance Brett died, leaving a will by which he gave his executors a power of sale, disposed of four-sevenths of his estate absolutely, and directed the remaining three-sevenths to be held in trust for certain beneficiaries named therein.

Pinkney subsequently paid or secured the balance of the purchase-money, and Brett's executor then conveyed the premises to him by the usual executor's deed.

A purchaser from one claiming under Pinkney objected to the title upon the ground that Brett's executor had no power to convey, and that the fee was in the devisees; and that under section 45 of page 64, and section 169 of page 194 of volume 2 of the Revised Statutes, the devisees should have conveyed to Pinkney.

*Held,* that the question was debatable, the title not merchantable, and that specific performance should be denied.

Appeal by the plaintiff Augustus F. Holly, as executor of Nathaniel Thurston, deceased, from a judgment of the Supreme Court, entered, after a trial by the court at the New York Special

Term, in the office of the clerk of the city and county of New York on the 18th day of December, 1891, denying specific performance of a contract for the sale of lands, and directing that the defendant recover the amount paid thereon, with interest, the expenses of examining the title, and costs.

*S. P. Nash*, for the appellant.

*Samuel Riker*, for the respondent.

PATTERSON, J.:

This action was brought for the specific performance of a contract for the sale of land situated in the city of New York; and the defense set up is that the defendant could not get a merchantable title such as he should be required to take from the party plaintiff.

The facts lying at the foundation of the case appear to be the following, viz.: Mr. Holley, as executor, etc., of Nathaniel Thurston, under the terms of a power of sale contained in Mr. Thurston's will, sold the land in question, at auction, to the defendant in the year 1890. Mr. Hirsch refused to complete the purchase. The specific objection he urged was that the donor of the power of sale never had the legal title of the premises, and, consequently, could not give a sufficient conveyance thereof. That objection arose out of the following circumstances: In the year 1879 one Martin W. Brett was the owner, in fee simple absolute, of the land in question. On November 6, 1879, he contracted to sell that, with other lands, for a stipulated price to one John M. Pinkney, and the day fixed for the consummation of the contract, by the delivery of the deed and the payment of the balance of the purchase-money, was the 6th day of December, 1879. Pinkney had paid, at the time of the execution of the contract of sale, $1,000 on account of the purchase-price. Mr. Brett died November 22, 1879. He left a will, which was duly admitted to probate, and in and by such will he gave his executors a power to sell his real and personal estate at public or private sale, and at such times and on such terms and conditions as they should deem most for the benefit of his estate. As appears by the fifth finding of fact, Mr. Pinkney, after the death of Brett, paid or secured, in pursuance of the terms of the contract of sale, and to his, Brett's, executors, the balance of the unpaid

purchase-money of the said land, amounting to about forty-nine thousand dollars, and such executors executed and delivered to him a deed in the usual form of executor's deeds for such premises. Mr. Brett left several children and grandchildren who were his devisees under the will. To some of his children proportionate estates in fee were given in his real estate; and as to others and several of his grandchildren trusts were created in what may be called their shares. Mr. Pinkney, after taking the executor's deed, conveyed the land to one Dempsey, and Dempsey was the immediate grantor of Thurston, the plaintiff's testator. At the death of Mr. Brett the situation of the parties to the transaction was this: Brett had been the trustee of the title for the purchaser Pinkney, and the latter could have had, but for Mr. Brett's death, a decree for specific performance on tender of the balance of the purchase-money. It was a partly executed contract. Under such circumstances the title to the land passed to the devisees of Brett, but subject to the right of the purchaser to demand a conveyance from such devisees on full performance of his part of the contract. This resulted from the provisions of section 45 (2 R. S., 64) of the statute of wills, which enacts that a bond, agreement or covenant, made by a testator for a valuable consideration to convey any property devised or bequeathed in any will previously made, shall not be deemed a revocation of such provision, devise or bequest either at law or in equity; but such property shall pass by the devise or bequest subject to the same remedies on such bond, agreement or covenant for specific performance or otherwise against the devisees or legatees as might be had at law against the heirs of the testator or his next of kin, if the same had descended to them. That is merely to say, that notwithstanding the trust for the benefit of the purchaser the title went to the devisees, subject to the right of Pinkney to claim specific performance, and the statute points out the precise way in which that may be required. Section 169 of the statute (2 R. S., 194) enacts that the Court of Chancery shall have power to decree and compel a specific performance by an infant heir *or other person* of any bargain, contract or agreement made by any party who may die before the performance thereof by any person interested in such bargain, contract and agreement, and on being satisfied that specific performance of such contract or agreement ought to be decreed or compelled.

The deed was taken by Pinkney from the executors under their power of sale, and evidently in the belief that a complete title to both the legal and equitable estates could be conferred by the execution of such a power. And the precise point now involved is, whether or not the executors had capacity, as the property was situated at the time of the execution of the deed to Pinkney, to make a conveyance under that power.

The point is made by the defendant in this action that the proper legal title could only be given by the devisees, and that the executors could not execute the power of sale as to this land for the reason that it was taken out of the testator's estate by the contract of sale, and that a good and sufficient deed to confer a valid record title, to which the defendant here would certainly be entitled, could only be given by the devisees under the will of Mr. Brett, and in accordance with the terms of the statute referred to.

We think the concrete question arising in this case is to be disposed of by authority. We are not to decide it upon an equitable construction of the power given to the executors of Brett's will, to sell land for any purpose which might seem to them beneficial to the estate. If we were able to treat it as an original question, and to determine it according to the equities, we might be able to hold that when the executors made their deed and received the $49,000 balance of the purchase-money, they entered into a new contract and sold the land and received the purchase-money within the purposes of the power granted for the benefit of the testator's estate.

But we think that the whole subject has been disposed of by adjudications of courts which seem to us to be absolutely binding; and we do not regard what has been decided in those cases as being mere *dicta*; for it is evident that the learned judges, by whom the cases to be adverted to were decided, had in mind the precise point which is raised in this case, and that the adjudications made, which we conceive to be binding upon us, were so made after full advisement and thorough consideration of what was involved in them.

The power of sale contained in Mr. Brett's will seems to have been quite like that considered by the court in *Lewis* v. *Smith* (9 N. Y., 502), and it was there held, that a power of sale contained in a will authorizing executors to sell all the testator's "fast estate," by which is meant, of course, landed property, did not

embrace lands which had been sold by contract by the testator in his lifetime; the purchase-money being unpaid and the title still remaining in him at the time of his death. Or, in other words, it was held that, under such circumstances, the power of sale could not be used by the executors, that as the interest which remained in the vendor was simply a right to the money due on the contract, it was not real, but only personal, estate, and that, therefore, the power of sale would be inapplicable.

But the question came up distinctly in the case of *Roome* v. *Philips* (27 N. Y., 357), and we are of opinion that that case is of controlling authority. We do not see that the observations of the court are to be regarded merely as *dicta* on the point now presented. That was an action for specific performance. It is true that the main question involved was as to the power of an administrator with the will annexed to execute a power of sale of land. But, as the case came before the court, the whole subject was considered, and one of the grounds upon which the decision was placed was distinctly that the power of sale conferred upon the executor by the will had become inapplicable to the land there involved, by the sale of that land made by the testator in his lifetime.

The power of sale there under consideration was, in its terms, quite similar to that conferred by Mr. Brett on his executor, to wit, to sell and convey all the testator's real estate, either at public or private sale, upon such terms as he may think proper and most beneficial to his estate. It was there considered that the manner of sale and the terms, had been conclusively determined by the testator before the will took effect by his death; that a sale had actually been made, and that the power did not look to the conveyance of the naked title to lands, of the beneficial interest in which the testator had divested himself in his lifetime. And the whole argument was summed up in the following words: That the power could not apply, because, "simply, the duty which the executor was appointed to perform respecting this land could not be performed by him, because, at the death of the testator, there was no such land to be sold." And this was decided in view of and by reference to section 45 of the statute above alluded to.

This enunciation of the law was concurred in by all the judges, and was stated by Judge DENIO as one of the controlling reasons

for the decision of that case, and did not arise as a collateral matter, but, as we think, was intended to be a decision of the court upon that subject.

We have not overlooked the cases cited by the learned counsel for the appellant with reference to the construction to be given to powers of this kind. There is a strong disposition of the courts to construe them equitably in certain particular cases; and the case of the *Mutual Life Insurance Company of New York* v. *Woods* (121 N. Y., 302), is an instance of that disposition. That was a case of an action for specific performance of a contract for the purchase of land, and the effect of a power of sale was involved. The plaintiff claimed under a deed on a foreclosure of a mortgage executed by a former owner of the property, and under a deed executed by the executors of the will of that former owner. This conveyance, evidently, was intended to cut off remaining interests in land which might not have been affected by the foreclosure. The court did hold it to be sufficient to give the plaintiff a valid title, such as the defendant was bound to accept, but in that case the precise question which is now before us was not raised; nor is any reference made in the opinion of the court to the Roome case, which seems to lay down the positive rule.

The case of *Biden* v. *James* (3 N. Y. St. Rep., 734), is cited as an authority sustaining the position of the plaintiff. But that does not meet the precise question raised here, and we do not think it is applicable.

Without expressing any opinion as to what might be our views upon the subject now before us, if it came up as an original question, we conceive ourselves to be concluded by the authority of the cases in the Court of Appeals referred to, and, therefore, the judgment of the court below must be affirmed, with costs.

VAN BRUNT, P. J.:

I am of the opinion that, even upon the plaintiff's own showing, the question involved is a debatable one, and, therefore, the title is not free from reasonable doubt, and such as a purchaser should be required to take.

O'BRIEN, J.:

If appellant's view of the law should finally be held to be the correct one, two reasons suggest themselves why the purchaser

should not be compelled to take title. The first is that the question is not at present free from reasonable doubt, and the second is that if now resolved in appellant's favor it would not be a binding adjudication on the devisees, who are not before the court and whose rights are involved. I, therefore, concur in the result.

Judgment affirmed, with costs.