### ARNOUX v. PHYFE et al.

(Supreme Court, Appellate Division, First Department. June 19, 1896.)

POWER OF SALE—CONVEYANCE TO SECURE DEBT.

> Executors who were given power to sell testator's land, but not to mortgage it, conveyed the land, pursuant to an arrangement with plaintiff, a creditor of testator, to testator's granddaughter. She paid nothing for it, nor did she agree to do so, but she gave two mortgages on the land, the second of which secured plaintiff's claim. The papers were drawn in plaintiff's office, and the title was searched by his law firm. *Held*, that such conveyance was a mere scheme to evade the provisions of the will, and was invalid.

Appeal from special term, New York county.

Action by William H. Arnoux against Amy C. Phyfe, Joseph Campbell, as executor, and Emma Campbell and Martha Campbell, as executrices, of William Campbell, deceased, to foreclose a mortgage. There was a judgment in favor of plaintiff, and defendants appeal. Reversed.

Argued before BARRETT, RUMSEY, WILLIAMS, and INGRAHAM, JJ.

Henry B. Johnson, for appellants.
C. N. Bovee, Jr., for respondent.

BARRETT, J. This is an action for the foreclosure of a second mortgage upon the premises No. 62 South Fifth avenue in this city. The main defense to the action is that the mortgage was given as part of a scheme to evade the provisions of the will of William Campbell, deceased. Under this will, Campbell's executors were given a discretionary power of sale. But they were given no power to mortgage. The plaintiff had a claim against this estate upon a judgment entered after Campbell's death upon a verdict directed prior to his death. Campbell's executors desired to raise money upon the real estate which they held in trust, and the plaintiff desired security for his judgment debt. It was thereupon arranged that the executors should execute a deed of the property in question to the defendant Amy C. Phyfe, who was a young girl 22 years of age, the daughter of John I. Phyfe, a son-in-law of the deceased. Miss Phyfe, in return, was to execute two mortgages,—one for

$14,000 to Miss Morss, who was a client of the plaintiff's, and the other to the plaintiff for the amount of his claim against the Campbell estate. This arrangement was carried out. The papers were drawn in the plaintiff's office, and the title was searched by his law firm. They, in fact, received payment for their services out of the $14,000 paid by Miss Morss.

The plaintiff was aware of the terms of William Campbell's will, and of the limitations upon the power of the executors. He claims that the sale to Miss Phyfe was bona fide, and that she had a right, if she pleased, to secure his claim against the Campbell estate by giving him this second mortgage. It is entirely clear, however, that the sale to Miss Phyfe was not a bona fide exercise of the power conferred upon the executors by Campbell's will. There is not the shadow of a doubt that Miss Phyfe was simply used to evade the provisions of the will, and to effect the unlawful purpose of mortgaging the property notwithstanding the lack of power in that regard. She did not pay one dollar for the property, nor did she ever agree to do so. She was simply a name. The title was in form conveyed into that name as grantee, and the hand of this grantee was used to create the mortgages contemporaneously signed. The learned trial judge wrote that no fraud or deceit was practiced, and that the executors knew perfectly well what they were doing. This need not be questioned, but it does not decide the case. There is here no essential question of actual fraud or moral turpitude. The real question is whether the transaction effected a lawful exercise of the power conferred upon the executors. There can be no doubt, both upon principle and authority, that it did not. The case on this head is directly within the principle enunciated in Allen v. De Witt, 3 N. Y. 276; Russell v. Russell, 36 N. Y. 584; Scholle v. Scholle, 113 N. Y. 274, 21 N. E. 84; and Woerz v. Rademacher, 120 N. Y. 62, 23 N. E. 1113. It is precisely as though the executors had given this mortgage directly to the plaintiff as collateral security for his judgment debt. Such a mortgage would certainly have been unauthorized. So the deed to Miss Phyfe, given for the purpose of doing indirectly what could not be done directly, was not a good execution of the power of sale. The plaintiff's judgment may have been entitled to priority in payment over other debts of the estate, but it was not a lien upon the real estate in question, or upon any other real estate of the testator, and the executors had no power thus to create a lien upon the real estate in favor of any creditor of their testator.

Without considering the other questions, both of fact and law, presented by the parties, we think it plain that the plaintiff's mortgage is, for the reasons given, invalid, and that the defendants are not estopped from questioning it. The plaintiff gave nothing for it, released nothing upon the faith of it, and has apparently lost nothing by its acceptance. He simply took it, as he says himself, as collateral security for his judgment debt. We do not mean to intimate, however, that, but for these facts, the defendants would have been estopped. We simply say that these facts, conclusive in them-

selves, render it unnecessary to proceed further with the discussion upon that head.

It follows that the judgment appealed from should be reversed, and as, upon the case presented by the plaintiff, the mortgage cannot be sustained, the complaint is dismissed, with costs to the executors, and also to the defendant Amy C. Phyfe, of this appeal and of the action. All concur.