(27 Misc. Rep. 64.)

OLYPHANT et al. v. PHYFE et al.

(Supreme Court, Special Term, New York County. April, 1899.)

1. PRINCIPAL AND AGENT—KNOWLEDGE—EVASION OF POWER.

A mortgagee, personally innocent, is not affected with knowledge of her agent that a sale to mortgagor under a power, which did not authorize executors to mortgage, was without consideration, and was made to evade this provision, by enabling executors to mortgage the property through grantee.

2. LIS PENDENS—REVERSAL AND REINSTATEMENT OF ACTION—LIENS.

Reversal of an order of the surrogate dismissing a petition of a creditor for sale of real estate, and reinstating the proceeding, lis pendens having been filed at the time proceedings were instituted, will not affect the lien of a mortgage executed after such dismissal, and before reinstatement; there being at that time no apparent lien on such real estate.

3. SALE TO PAY DECEDENT'S DEBTS—LACHES.

Delay by creditors of decedent for five or six years to prosecute proceedings for compulsory sale of real estate to pay debts will be considered, where rights of innocent parties have intervened.

4. EXECUTORS—SCOPE OF POWER OF SALE.

A power to sell real estate, when for the best interests of the estate, will be deemed to authorize executors to apply the proceeds to the payment of debts which would be a burden on property unsold; and this, though the power does not expressly direct such application of the proceeds.

Action of Robert M. Olyphant and others, executors of the estate of Anne A. Morss, deceased, against Amy C. Phyfe and Heroy and Marrener for foreclosure of mortgage.  Judgment for plaintiffs.

Ritch, Woodford, Bovee & Wallace (C. N. Bovee, Jr., and John McG. Goodale, of counsel), for plaintiffs.

Henry B. Johnson, for Campbell devisees and executors.

William W. Niles, for Heroy and Marrener.

RUSSELL, J.   This is the third foreclosure action arising out of the proceedings of the executors of William Campbell, deceased, the two previous cases being reported as below.   Arnoux v. Phyfe, 6 App. Div. 505, 39 N. Y. Supp. 973; Benedict v. Arnoux, 7 App. Div. 1, 39 N. Y. Supp. 793; Id., 154 N. Y. 715, 49 N. E. 326.   This case involves the determination whether the estate of the mortgagee, personally innocent, shall utterly lose the security given, on account of the mistake or wrong of her agent in making the investment.

William Campbell died in 1888, seised in fee simple of the premises No. 62 South Fifth avenue, New York City.   He was involved to the extent of some $40,000 by indorsements for the building firm of Phyfe & Campbell, composed of his son-in-law and son.   In June, 1892, Phyfe & Campbell had nearly finished buildings on Ninety-Eighth street, and were seriously embarrassed.   It was then determined by the executors to substantially repeat the transaction of 1891, by which a mortgage was given to the late Edwin Booth upon the adjoining premises, 64 Fifth avenue, for moneys to be used in completing the building operations of Phyfe & Campbell, and thus assist that firm to a position where it was supposed they might be able to take care of some of the obligations upon which the estate of William Campbell was liable.   William H. Arnoux, a lawyer, was the adviser and agent of Clara E. Morss, whom the plaintiffs here represent. As such, he had control of moneys belonging to her for investment. He had acted in a similar capacity in 1891 for Edwin Booth in taking his mortgage.   He was personally interested in the ability of the estate of William Campbell to pay obligations on account of a note of $12,000 of Phyfe & Campbell, indorsed by William Campbell and guarantied by him, upon which judgment had been entered against the executors of William Campbell.   Arnoux had paid the claim of the bank, and taken an assignment of the judgment.

The supposed ability of the executors to raise money for Phyfe & Campbell from the estate of William Campbell came from the tenth clause of the will of the latter, giving to the executors, if they deemed it for the best interest of his estate that any part or all should be

sold, power to sell and dispose of the same upon the terms and in the manner they should deem best, and to make and to execute necessary deeds of conveyance therefor.    Upon consultation with Arnoux, the executors were advised that this power to sell did not include a power to mortgage, and accordingly, by the understanding with him, the executors executed their power by deeding to Amy C. Phyfe, the daughter of the son-in-law, who was also executor.    She gives back purchase-money mortgages for the whole consideration of $30,000, the first of which, in order of lienage, by the understanding, was the one here sought to be foreclosed for $14,000, given directly to Anne A. Morss, on the 10th day of June, 1892.    The defense here made by the executors, devisees, and some creditors is that the executors had no power to do indirectly what they could not do directly, and that the whole arrangement was designed as an evasion of the power given by the will, subversive of the objects of the testator, and the knowledge of the agent Arnoux was the knowledge of his principal, the mortgagee.

By the decisions of the appellate division and of the court of appeals, these propositions of law or presumptions from the facts are decisively settled for the determination by the trial court of this case:

First. The power given to the executors does not include a power to mortgage.    Arnoux v. Phyfe and Benedict v. Arnoux, supra.    The court of appeals in the latter case does not pass upon the question of the power to mortgage, reaching a conclusion in favor of the mortgagee upon different grounds.    But the efficiency of the elaborate argument that such power is included in the greater power, now urged by the counsel for the plaintiff, is not open to the consideration of the trial court on account of the determination of the appellate division. It is not merely a question of power to mortgage, unembarrassed by other considerations.    The controlling objection is that such an execution of the power is, from the inception, an act wholly subversive of the purposes of the trust confided to the executors, to which the power was attached.

Second. The design of the joint action of the executors and the agent of Miss Morss was to get the money to primarily relieve the son-in-law and son from financial embarrassment, and incidentally to enable them to meet the obligations to the estate.    Arnoux v. Phyfe and Benedict v. Arnoux, supra.

Third. The executors were not to be the mortgagors, but they were to choose the daughter of one of those executors as mortgagor by virtue of clothing her with the apparent title through a conveyance executed under the power of sale.    Id.

Fourth. Thus, the record here displayed an apparent execution of the power in due form, while the real facts would be buried and known only to the actors.

Fifth. But the innocent mortgagee for value is not responsible for the wrongful conduct of her agent acting from motives of participating interest, whether he believed in the legality of the method or not.    Benedict v. Arnoux, supra.

The conclusion, therefore, follows, upon this branch of the case, that, consciously or unconsciously, the agent traveled the way of departure

from the line of the will with the executors and the mortgagor, and not with his client, who, having the right to assume proper action on the consummation of the transaction, only beheld a deed on record from the executors to a purchaser and a mortgage back to herself. Such an apparent execution of power by the executors was lawful, and upon it the mortgagee might rest secure. Id.; Insurance Co. v. Woods, 121 N. Y. 302, 24 N. E. 602; Rose v. Hatch, 125 N. Y. 427, 26 N. E. 467. As against the defendants, except Heroy and Marrener, the plaintiff's security is not vitiated by the knowledge or action of her agent, Arnoux.

The claim of Heroy and Marrener presents additional questions for consideration. They were creditors of William Campbell. Before the mortgage to Miss Morss, and on the 16th and 17th of October, 1891, they filed a petition for the sale of the real estate in surrogate's court and lis pendens in the county clerk's office. On June 7, 1892, three days before the mortgage to Miss Morss, the surrogate denied the application of the creditors, presumably on the ground that it was antagonistic to the power of sale to the executors. Therefore, at the time Miss Morss received her mortgage, no claim of creditors was an apparent lien upon the real estate.

On the 24th day of February, 1893, the general term of the supreme court reversed the order of the surrogate, and the proceedings of the creditors were reinstated in surrogate's court. In re Campbell's Estate, 21 N. Y. Supp. 685. It is now seriously contended by the creditors that Miss Morss should have taken notice of the right of appeal and the proceedings on the appeal, and therefore that her mortgage is subordinate to their claim, the same as though the surrogate had never denied their application, and the proceedings were still pending when the mortgage was given. The counsel for the creditors, however, have failed to cite any controlling authority which justifies the assertion that the reinstatement of the lien of a lis pendens or judgment, or other legal notice or order, whose force springs from a provision of law, statutory or unwritten, giving an intermediate lien to insure the proper effect for a final order or judgment, and prevent destructive action by the owner of the property in the meantime, is revived in force after a dismissal of the proceedings which gave it life, and upon which it rested, by a subsequent order of the same or a superior tribunal, reinstating the proceedings as against those who had parted with money or property upon the faith of the record by which those proceedings were terminated. It would be a sad reflection upon the efficacy and certainty of the action of the courts if parties could not deal with property so as to be placed in a position from which they could not be restored if the right of appeal for a known or unknown period, possibly carried along by stipulation of counsel, might produce such loss and injury. This does not seem to be the law. King v. Harris, 30 Barb. 471, 34 N. Y. 330. And even a delay for five or six years, as in this case, on the part of the creditors, to prosecute the proceedings upon which that notice of claim was founded, should be considered by the courts in dispensing justice between rival claimants. Lord Bacon, Order 12 in Chancery, 15 Bacon's Works, 353; Murray v. Ballou, 1 Johns. Ch. 566; Hayden v. Bucklin, 9 Paige, 512; Myrick v. Selden, 36 Barb. 15.

There is, however, another view which may be stated.   The principal reason why the creditors might claim the power to proceed in the surrogate's court for a compulsory sale of the real estate is because of a supposed nonexecution of a power of sale given to the executors.   But that power of sale has been executed, if the execution was valid.   And if it be held that the power of sale does not prevent proceedings by the creditors, unless that power of sale inferentially includes the right to use the proceeds of a sale by the executors for the payment of debts, I still can see no reason why it should not be held that a testator, leaving obligations requiring his executors to exercise foresight and care in providing for those which are valid and contesting those which are invalid, and empowering them, if in their judgment it is for the best interest of his estate, to sell the real property, should not be deemed to have given that power, at least in part, for the very purpose of relieving the property, which should remain after the sale, from the burden of those obligations which, sooner or later, had to be met.   Judgment is directed in favor of the plaintiffs for the foreclosure of the mortgage, with costs.

Judgment of foreclosure for plaintiffs, with costs.