entitled to have it, and no error is found in his refusal to charge, without qualification, the one request made by the plaintiff, or in his rulings upon the admission or rejection of evidence. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.

(50 App. Div. 526.)

PAWLING SAV. BANK v. WASHBURN et al.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. EXECUTORS AND ADMINISTRATORS—EXCHANGE OF REALTY—ESTATES IN RE-
MAINDER—MORTGAGES—LIEN—PRIORITY.
      Where an executor exchanged lands belonging to the estate, which were subject to a remainder, for other lands, which was not authorized by the will, and the title to the property received in exchange was taken in the name of a third person, the interest of a mortgagee, who made a loan on the property received, was superior to that of a tenant in remainder, the mortgagee having neither actual nor constructive notice of the remainder-man's interest.

2. SAME—ACTUAL NOTICE—EVIDENCE.
      Evidence of a mortgagee that the loan was made without notice of an alleged remainder-man's interest in the property is sufficient to sustain a finding that the mortgagee had no actual notice of such interest.

3. MORTGAGE—DEGREE OF FORECLOSURE.
      Where a decree foreclosing a mortgage only assumes to bar and fore-close interest of the parties acquired subsequent to the filing of the notice of lis pendens, it does not affect an interest in such property acquired prior to such notice.

Appeal from special term, Dutchess county.

Suit by the Pawling Savings Bank against Mary A. Washburn and others to foreclose a mortgage. From a decree in favor of the plaintiff, the defendant Edward B. Washburn appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Safford A. Crummey, for appellant.
Horace D. Hufcut, for respondent.

HATCH, J. The action is brought to foreclose a mortgage exe-cuted by the defendant Mary A. Washburn to secure the payment of $5,500 advanced by the plaintiff upon the faith of the mortgage sought to be foreclosed. The defendant Edward B. Washburn has a one-third remainder interest in the premises, which interest he claims is superior to the lien of the mortgage. The facts out of which such interest arises are, in brief, these: Harriet Washburn, the grandmother of Edward B., died owning real property situate in the city of Brooklyn. By the terms of her last will and testament she devised a life estate to certain persons named in the will, with remainder over to certain other persons, of whom the defendant Edward B. Washburn was one. The will contained a power of sale authorizing the executors thereof to lease, sell, convey, or mort-gage any of the real estate, and to invest the proceeds on bond and mortgage, or in other real estate situate in the cities of New York

or Brooklyn, for the benefit of the parties named in the will. The executors assumed, under this power, to enter into a contract with one C. V. Henderson for the exchange of the Brooklyn property for real estate situate in the county of Dutchess, and such contract was thereafter consummated by a conveyance of the Brooklyn property by the executors to Henderson, and a conveyance by the latter of the Dutchess county property to Mary A. Washburn, the wife of one of the executors. After such transaction, Mary A. Washburn applied to the plaintiff to obtain a loan upon the Dutchess county property, and, such loan being granted, she made and executed the mortgage for the foreclosure of which this action is brought. The defendant Edward B. Washburn claims that as to him this transaction was illegal, beyond the powers of the executors to make, that as to all parties who dealt in respect to the property such dealing was subservient to his interest therein, and as to him the mortgage is void.

It may be conceded that the power of sale contained in the will did not authorize the executors to exchange the Brooklyn property for the property in Dutchess county; and, if the plaintiff had notice of what the actual transaction was, it would be bound by the limitations upon the exercise of the power of the executors as contained in the will. If, however, the record did not disclose the infirmity in the title, and the plaintiff had no notice of what the actual transaction was, then it will have the right to rely and act upon what was disclosed by the record. Holland v. Brown, 140 N. Y. 344, 35 N. E. 577; Brown v. Volkening, 64 N. Y. 76. Upon the question of whether or not the plaintiff had actual notice of the transaction the testimony was conflicting. The plaintiff, through its treasurer, who.conducted and consummated the transaction under which the money was advanced and the mortgage taken, testified that it had no notice whatever of the facts, or that the mortgagor was not the actual, bona fide, and legal holder of the title of the mortgaged property. The court found upon the testimony that the plaintiff did not have actual notice of the transaction through which the mortgagor obtained title to the premises. The testimony is sufficient to sustain this finding, and the case must be disposed of upon the question as to whether the record disclosed any infirmity in the title. Upon this point it appeared that, while the contract between the executors and Henderson had been made, it nowhere appeared that it was ever consummated by a conveyance of the property by him to the executors; and, from aught that appeared from this contract, nothing therein contained showed or tended to show that the mortgagor acquired title to the mortgaged premises from Henderson by virtue of anything which appeared therein. The deed from Henderson to Mary A. Washburn was an absolute warranty deed, and it did not disclose, nor did any other document or papers in the record, that Mary A. Washburn bore any relation to the executors, or that she was in any wise connected with the contract between the executors and Henderson. The executors had the right to sell the property to Henderson, but had no right to exchange it for property outside the cities of New York

or Brooklyn. Henderson had the right to sell to the mortgagor, and was under no disability of any character, and could vest in her good title; and nothing in any of the papers which constituted the record of title disclosed any relationship between Henderson's grantee and the executors of the will. As there was, therefore, no notice upon the record showing any infirmity of title in the mortgagor, the plaintiff was justified in relying thereon; and, as the court has found upon sufficient testimony that plaintiff had no actual knowledge of the transaction, the plaintiff stands in the position of a bona fide mortgagee, authorized by law to enforce its mortgage. The cases relied upon by the appellant do not modify this doctrine. The strongest one is that of Arnoux v. Phyfe, 6 App. Div. 505, 39 N. Y. Supp. 973, but in that case the transfer was made and the mortgage executed to secure a debt of the plaintiff. The plaintiff had actual notice of the transaction, advanced nothing on the strength of the mortgage, and the transaction was in violation of the power contained in the will. In the case at bar the transaction was in violation of the power contained in the will, but the plaintiff had no notice of it, and nothing in the record disclosed what the actual transaction was. There was a parting of value to the full extent of the mortgage, in consequence of which the plaintiff was protected in dealing with Mrs. Washburn as the owner of the property. None of the other cases go further in support of plaintiff's contention than the one cited. None of them are authority in support of defendants' contention upon the facts appearing in this case. If, however, we should be wrong in this conclusion, yet, as the judgment which has been entered herein assumes to do no more than bar and foreclose the right, title, and interest of all the parties to the action subsequent to the filing of the notice of lis pendens herein, whatever interest or right the defendant Edward B. Washburn may have in and to these premises remains in no wise affected by the judgment. If he has any interest, it arose and attached to the property prior to the execution of the mortgage, and, as the judgment does not assume to cut off such interest, his prior right is unaffected thereby. It follows that the judgment should be affirmed.

Judgment and order denying motion for new trial affirmed, with costs. All concur; GOODRICH, P. J., in result.